(873 P.2d 226)
No. 69,594

STATE OF KANSAS, *Appellee*, v. ALBERT E. FLOWERS, *Appellant*.

Opinion filed May 6, 1994.

*Hazel Haupt*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for the appellant.

*Jerome A. Gorman*, assistant district attorney, *Nick A. Tomasic*, district attorney, and *Robert T. Stephan*, attorney general, for the appellee.

Before LEWIS, P.J., GREEN, J., and JAMES J. SMITH, District Judge, assigned.

LEWIS, J.: Defendant Albert E. Flowers entered a plea of guilty to robbery and was sentenced to a term of 3 to 10 years. He appealed the sentence to this court, and we affirmed in an unpublished opinion, No. 67,526, filed September 25, 1992. Defendant then filed a motion to withdraw his plea of guilty. The trial court denied the motion. This appeal is from that denial.

Defendant raises a number of issues, some of which relate to his attempt to withdraw his plea of guilty. The State argues that we have no jurisdiction to entertain this appeal, and we first turn to that issue.

K.S.A. 22-3210(d) deals with the authority of the district court to allow a defendant to withdraw a plea of guilty:

"A plea of guilty or *nolo contendere*, for good cause shown and within the discretion of the court, may be withdrawn at any time before sentence is adjudged. *To correct manifest injustice the court after sentence may set*

*aside the judgment of conviction and permit the defendant to withdraw the plea.* " (Emphasis added.)

This statute deals only with the authority of a trial court to permit withdrawal of a plea of guilty. It contains no provision affecting appellate jurisdiction and does not provide for an appeal from a decision denying or allowing a motion to withdraw a plea of guilty.

The right of a defendant to appeal his conviction after a plea of guilty or nolo contendere is set forth by K.S.A. 22-3602(a):

"Except as otherwise provided, an appeal to the appellate court having jurisdiction of the appeal may be taken by the defendant as a matter of right from any judgment against the defendant in the district court and upon appeal any decision of the district court or intermediate order made in the progress of the case may be reviewed. *No appeal shall be taken by the defendant from a judgment of conviction before a district judge upon a plea of guilty or nolo contendere, except that jurisdictional or other grounds going to the legality of the proceedings may be raised by the defendant as provided in K.S.A. 60-1507 and amendments thereto.*" (Emphasis added.)

" 'This court has only such appellate jurisdiction as is provided by law. Jurisdiction to entertain an appeal is conferred by statute pursuant to article 3, § 3 of the Constitution of Kansas, and when the record discloses a lack of jurisdiction it is the duty of this court to dismiss the appeal. *State v. Leopard,* 191 Kan. 581, 582, 382 P.2d 330 (1963); *Fildes v. Fildes,* 215 Kan. 622, 527 P.2d 1007 (1974).' " *State v. Ortiz,* 230 Kan. 733, 735, 640 P.2d 1255 (1982). "The right to appeal in a criminal case is strictly statutory and absent statutory authority there is no right to an appeal." *State v. Freeman,* 234 Kan. 278, 279, 670 P.2d 1365 (1983). See *State v. Beechum,* 251 Kan. 194, 201-02, 833 P.2d 988 (1992); *State v. Crozier,* 225 Kan. 120, 122, 587 P.2d 331 (1978). "The right to an appeal in this state is neither a vested nor a constitutional right. The right to an appeal is statutory and, in the absence of a statute which authorizes an appeal, an appeal is not available to the losing party. *State v. Freeman,* 234 Kan. 278, 670 P.2d 1365 (1983)." *U.S.D. No. 503 v. McKinney,* 236 Kan. 224, 228, 689 P.2d 860 (1984).

The law in Kansas is clear that a defendant may maintain an appeal only if it is authorized by statute. If the appeal in question is not authorized, we have no power or jurisdiction to hear the

appeal. The existence of jurisdiction has nothing to do with the merits of the appeal. If jurisdiction does not exist, we are powerless to act regardless of the merits.

In this case, defendant is appealing from the denial of his motion to withdraw a plea of guilty. If successful, this appeal would reverse his conviction. Thus, an appeal from the denial of a motion to withdraw a plea of guilty is a direct attack on the conviction itself. The provisions of K.S.A. 22-3602(a) do not permit defendant to prosecute an appeal from his conviction. It could be argued that this is an appeal from the denial of a motion to withdraw a plea of guilty and not an appeal from a judgment of conviction. This is a distinction based only on the manipulation of words, and it ignores reality. The legislature has determined that a defendant may not directly appeal a conviction based upon a plea of guilty. In order to give meaning to this legislation, we look to substance over form. The reality is that this appeal is a direct attack on the conviction under any title we may wish to use. The statute prohibits an appeal from a conviction following a plea of guilty or nolo contendere. The first appeal taken in this action provides an illustration. In that appeal, defendant challenged only the sentence imposed and did not challenge his conviction. That appeal did not fall within the provisions of 22-3602(a) and was permitted. This appeal attacks the conviction and is not permitted.

Our decision is supported by other Kansas decisions in point. In *State v. Larry*, 252 Kan. 92, 843 P.2d 198 (1992), the Supreme Court held in Syl. ¶ 2: "No appeal shall be taken by a defendant from a plea of guilty before a district judge. K.S.A. 22-3602(a)." The court went on to say:

"An appeal may be taken by the defendant as a matter of right from any judgment against the defendant in the district court. A defendant is required to be sentenced without unreasonable delay after conviction by a judge or jury. After imposing sentence in a case which has gone to trial on a plea of not guilty, the court must advise the defendant of the right to appeal. K.S.A. 22-3424(5). *A defendant, however, may not appeal from a judgment of conviction upon a plea of guilty or nolo contendere. K. S. A. 22-3602(a)."* (Emphasis added.) 252 Kan. at 95.

In *Lill v. State*, 4 Kan. App. 2d 40, 41-42, 602 P.2d 129 (1979), we dealt with a motion pursuant to K.S.A. 60-1507 collaterally attacking a conviction based on a plea of guilty:

"When the plea of nolo contendere is accepted by the court, a finding of guilty may be adjudged thereon and there is no need for the State to introduce evidence of the offense. Conditions for acceptance of the plea as set forth in K.S.A. 22-3210 are identical to those for acceptance of a plea of guilty. Furthermore, the right to appellate review of a conviction entered upon either a plea of guilty or nolo contendere is limited by the provisions of K.S.A. 1978 Supp. 22-3602(*a*), which provides:

'[N]o appeal shall be taken by the defendant from a judgment of conviction before a district judge or associate district judge upon a plea of guilty or *nolo contendere, except that jurisdictional or other grounds going to the legality of the proceedings may be raised by the defendant as provided in K.S.A. 60-1507.'* Emphasis supplied.

"Defendant's formal declaration that he did not contest the charge against him, his plea of nolo contendere, is tantamount to a plea of guilty, limited only as provided by K.S.A. 22-3209(2). See Authors' Comments, Vernon's Kansas C. Crim. Proc. § 22-3209, p. 39 (1973). A *conviction based on a plea of nolo contendere may be collaterally attacked only on 'jurisdictional or other grounds going to the legality of the proceedings. . . .'* The order which denied the motion to suppress evidence in this case does not provide those grounds." (Emphasis added.)

In *State v. Harrold,* 239 Kan. 645, 649, 722 P.2d 563 (1986), the defendant had pled guilty and then appealed from the sentenced imposed. The Supreme Court concluded:

"Under K.S.A. 22-3602(a), do we have jurisdiction of this appeal? We conclude that we do. Harrold is not challenging the judgment of conviction and indeed he may not do so by direct appeal under the statute (except, perhaps, under extremely rare factual circumstances not here involved). He is not appealing from or directly challenging the trial court's denial of probation, and we need not deal with that subject. Harrold challenges only the sentence imposed."

The *Harrold* decision further distinguishes the first appeal taken by this defendant from the one now under consideration.

In *State v. VanReed,* 245 Kan. 213, 777 P.2d 794 (1989), the court reiterated, at Syl. ¶ 2, that "K.S.A. 22-3602(a) specifically precludes a direct appeal from a judgment of conviction following a guilty or nolo contendere plea."

We construe this appeal as a direct appeal from the judgment of conviction following a guilty plea by defendant. Under the statute and the decisions cited above, this appeal is not permitted and must be dismissed.

Defendant cites cases from the Supreme Court and from this court wherein we heard similar appeals without comment on the issue of jurisdiction. We have examined those decisions and concede they do exist. However, in none of the cases cited was the issue of K.S.A. 22-3602(a) raised. Appellate courts ordinarily decide cases only on the issues raised by the parties. The fact that the present question was not raised in earlier decisions is not authority that it does not exist. The decisions cited by defendant are examples of decisions in which the present issue was neither raised nor decided. Decisions which have considered appeals of this nature on their merits stand as authority only for the issues raised on that particular appeal. The fact that the appeal was heard does not mean that 22-3602(a) does not bar such an appeal. It means only that the impact of 22-3602(a) was not considered. We believe that the Supreme Court needs to meet this question head on as we do in the instant matter. Until it does so, we will not be guided by apparently contrary decisions in which the issue was never considered.

Defendant suggests that the language in 22-3602(a) is permissive and not directive. We do not agree. The statute states that "[n]o appeal shall be taken." This is not permissive; it is a plain, straightforward prohibition of an appeal of conviction following a plea of guilty.

Defendant suggests that somehow we need to consider K.S.A. 22-3210(d) in reaching our decision. As pointed out earlier, that statute has absolutely nothing to do with the right to appeal a denial of a motion to withdraw a plea of guilty. The statute details when and how a trial court may permit a plea of guilty to be withdrawn. It does not relate to or control the question of appellate jurisdiction. That issue is specifically controlled by 22-3602(a), and our decision is based on that statute alone.

We note that the legislature, in not providing for a direct appeal in a case of this nature, does provide a remedy under K.S.A. 60-1507. A defendant who has pled guilty may not be permitted to directly appeal his conviction, but the defendant can collaterally attack it under 60-1507. This defendant's problem is that the proceedings now before this court were not instituted pursuant to 60-1507.

We hold that a defendant may not directly appeal the denial of a motion to withdraw a plea of guilty. Such an appeal is not permitted by K.S.A. 22-3602(a). We conclude this decision is not in the best interest of judicial economy and appears to establish a rule that has been primarily honored by its breach. Nevertheless, we feel bound by the clear, concise language of 22-3602(a). The rule we announce cannot be circumvented in the "interest of justice" or other laudable motive. It is a rule of jurisdiction, and it renders us powerless to consider the issues raised no matter how meritorious those issues may be. It also renderers irrelevant considerations of judicial economy. The power to change this result rests with the legislature.

Appeal dismissed. ∎