No. 69,776

STATE OF KANSAS, *Appellee*, v. JOHN McDANIEL, *Appellant.*
(877 P.2d 961)

Opinion filed July 8, 1994.

*J. Patrick Lawless, Jr.*, assistant appellate defender, argued the cause, and *Jessica R. Kunen*, chief appellate defender, was with him on the brief for appellant.

*Jerome A. Gorman*, assistant district attorney, argued the cause, and *Nick A. Tomasic*, district attorney, and *Robert T. Stephan*, attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

ABBOTT, J.: This is a direct appeal by the defendant, John McDaniel, from the denial of his motion to withdraw his pleas of guilty to the offenses of first-degree murder (felony murder) and aggravated escape. The appeal also involves jurisdictional issues concerning appeal after entering a plea of guilty or nolo contendere and the timeliness of the appeal.

McDaniel was originally charged with multiple crimes in four separate cases. He entered into a plea agreement whereby all charges were dismissed except the first-degree murder charge and the charge of aggravated escape from custody. Defendant pleaded guilty to those charges.

McDaniel informed the court of the facts surrounding the offenses to which he pleaded guilty. As to the first degree-murder charge, McDaniel stated that he was in a car with two friends. The victim stopped them and asked if they would sell him some drugs. They agreed. One of McDaniel's friends took a .45 caliber gun and entered the victim's car. McDaniel saw the two wrestling over the gun, and he heard the gun discharge. McDaniel then took a .357 Magnum, walked back to the victim's car, opened the driver's door, and shot the victim one time in the chest. As to the aggravated escape charge, McDaniel stated that he was incarcerated (in the Wyandotte County Jail) pending the murder charge. He knew the bars on a cell window were cut, and he went out the window and climbed down some sheets to the ground. He was arrested two days later at a motel.

McDaniel entered his pleas of guilty on June 12, 1992, after signing a Petition to Enter Plea of Guilty. Following completion of a presentence investigation report, McDaniel was sentenced on August 12, 1992, to consecutive sentences of life imprisonment for murder and one to five years for aggravated escape.

Shortly after sentencing, McDaniel sent a letter dated August 17, 1992, asking the court to set aside his guilty pleas in both cases. McDaniel claimed in his pro se motion that his trial counsel, Charles Dixon, had informed him that he would receive a sentence of 15 years to life, rather than life, if he pleaded guilty. New counsel, Thomas Fields, was appointed to represent McDaniel on the motion. The court denied McDaniel's motion

after a February 10, 1993, hearing at which McDaniel testified. The journal entry denying McDaniel's motion was filed on February 26, 1993. McDaniel filed a notice of appeal on February 17, 1993. He filed an amended notice of appeal on February 19, 1993.

Although McDaniel appealed from and speaks of withdrawing his "pleas," his brief is directed solely at the first-degree murder plea.

## I. JURISDICTION

This court ordered McDaniel to show why his appeal should not be dismissed for lack of jurisdiction because it was filed more than 10 days after the expiration of the district court's power to modify the sentence. The appeal was retained subject to reconsideration of jurisdiction.

The jurisdictional issue here consists of two questions: First, does a defendant have a right to a direct appeal from the district court's denial of his or her motion to withdraw a guilty plea? Second, if so, what is the time frame governing that right?

K.S.A. 1993 Supp. 22-3602 grants a defendant an appeal "as a matter of right from any judgment against the defendant in the district court." However, that statute precludes appeals "from a judgment of conviction before a district judge upon a plea of guilty or *nolo contendere*, except that jurisdictional or other grounds going to the legality of the proceedings may be raised by the defendant as provided in K.S.A. 60-1507 and amendments thereto."

K.S.A. 22-3210(d) permits the trial court to set aside the judgment of conviction and allow a defendant to withdraw his or her plea of guilty or nolo contendere before sentencing for good cause shown or after sentencing to correct manifest injustice. This court has previously heard and decided direct appeals from a district court's refusal to permit withdrawal of a plea of guilty or nolo contendere without questioning jurisdiction. See, *e.g.*, *State v. Larry*, 252 Kan. 92, 843 P.2d 198 (1992); *State v. Reed*, 248 Kan. 506, 809 P.2d 553 (1991); *State v. Hill*, 247 Kan. 377, 799 P.2d 997 (1990). Implicit in the legislature's enactment of K.S.A. 22-

3210(d), permitting withdrawal of a plea of guilty or nolo contendere independent of K.S.A. 60-1507, is the right to a direct appeal from the trial court's denial of a motion to withdraw plea. *Cf. State v. Gonzales*, 255 Kan. 243, 247, 874 P.2d 612 (1994) (direct appeal from district court's refusal to convert indeterminate sentence to one under the Kansas Sentencing Guidelines Act); *State v. VanReed*, 245 Kan. 213, 217, 777 P.2d 794 (1989) (direct appeal from district court's refusal to impose statutory presumptive sentence of probation). This court has held that K.S.A. 1993 Supp. 22-3602 does not preclude a defendant who has pleaded guilty or nolo contendere from taking a direct appeal from the sentence imposed where the sentence exceeds the minimum. *State v. Harrold*, 239 Kan. 645, 649, 722 P.2d 563 (1986). We hold K.S.A. 1993 Supp. 22-3602 does not preclude a defendant who has pleaded guilty or nolo contendere from taking a direct appeal from the district court's denial of a motion to withdraw the plea.

However, the Court of Appeals in *State v. Flowers*, 19 Kan. App. 2d 563, 873 P.2d 226 (1994), held to the contrary. The Court of Appeals dismissed the defendant's appeal, holding that K.S.A. 22-3602(a) precluded the defendant's direct appeal from the denial of his motion to withdraw plea. 19 Kan. App. 2d 563, Syl. ¶ 2. Flowers had already taken a direct appeal from his sentence, and he had not sought to withdraw his plea until after his sentence was affirmed by the Court of Appeals. The court reasoned that a direct appeal from the denial of a motion to withdraw plea is indeed a challenge to the conviction itself because if the appeal is successful, the conviction will be reversed. The fact that Kansas appellate courts have considered similar appeals without questioning jurisdiction was deemed irrelevant on the theory that those cases stand only for the issues actually addressed, not for issues which were not raised by the parties. The Court of Appeals panel opined that K.S.A. 22-3210(d), permitting withdrawal of a plea of guilty or nolo contendere, relates only to the proceedings in the trial court and does not relate to the question of appellate jurisdiction. Finally, the Court of Appeals recognized that the defendant was not without a remedy—he could pursue a K.S.A. 60-1507 action. 19 Kan. App. 2d 563, Syl. ¶ 3.

Further, this court in *State v. Alsup*, 239 Kan. 673, 674, 722 P.2d 1100 (1986), indicated without any discussion that 22-3602(a) precludes a direct appeal from a conviction after a plea of guilty or nolo contendere, including a direct appeal from the denial of a motion to withdraw plea. However, this court considered the merits of the appeal, treating it as proceeding under K.S.A. 60-1507 because the trial court had permitted additional discovery and held additional hearings before pronouncing sentence.

This court has permitted direct appeals after a plea of guilty or nolo contendere. See *State v. Gonzales*, 255 Kan. at 244; *State v. VanReed*, 245 Kan. at 217; *State v. Harrold*, 239 Kan. at 649. Though these cases relate to direct appeal concerning sentencing issues, the same rationale applies. If a defendant is permitted to seek withdrawal of his or her plea of guilty or nolo contendere independent of a K.S.A. 60-1507 motion, as K.S.A. 22-3210(d) provides, there must also be a right to a direct appeal from the denial of that motion. To require a defendant to first file a 60-1507 motion, which would be filed in the same court which has just denied withdrawal of the plea, before being permitted to appeal from the denial of withdrawal is not in the interest of judicial economy and should not be required. By permitting a defendant to seek withdrawal of his or her plea pursuant to K.S.A. 22-3210(d), the legislature implicitly permitted that defendant to appeal from such denial, despite the appearance of 22-3602(a) to the contrary.

The language found in the third full paragraphof *State v. Alsup*, 239 Kan. at 674, is overruled, and Syl. ¶ 2 and the corresponding portions of the opinion in *State v. Flowers*, 19 Kan. App. 2d at 565, 568, are also overruled. This court has jurisdiction to decide this appeal.

## II. TIMELINESS

K.S.A. 1993 Supp. 22-3608(a) sets forth the time frame within which an appeal must be taken: "If sentence is imposed, the defendant may appeal from the judgment of the district court not later than 10 days after the expiration of the district court's power

to modify the sentence." The district court's power to modify the sentence generally expires 120 days after sentence is imposed. K.S.A. 1993 Supp. 21-4603(d)(1). However, the district court retains jurisdiction to modify a sentence beyond the 120 days specified in K.S.A. 1993 Supp. 21-4603(d)(1) "where a timely motion has been filed by defendant within that time period." *State ex rel. Owens v. Hodge*, 230 Kan. 804, Syl., 641 P.2d 399 (1982).

McDaniel did not file a motion to modify sentence until February 10, 1993, after expiration of the district court's power to modify his sentence. However, McDaniel's pro se motion to withdraw plea was filed long before the trial court's power to modify his sentence expired. McDaniel's letter was dated August 17, 1992, only five days after sentencing.

K.S.A. 22-3210(d) permits withdrawal of a plea of guilty or nolo contendere either before or after sentencing, but that statute is silent as to the time frame within which a motion to withdraw plea must be filed and/or heard. We are of the opinion the district court did not lose jurisdiction because K.S.A. 22-3210(d) does not set a time limit within which the district court must rule on a motion to withdraw a plea that was timely filed. In addition, if the time limit within which the court must rule on a motion to withdraw plea is related to the 120-day period within which the district court may modify the sentence, that time period was extended because the motion to withdraw plea was timely filed. *Cf. Owens*, 230 Kan. 804.

If McDaniel is required to file his notice of appeal within 130 days of sentencing, the notice of appeal would be filed before the district court had ruled on McDaniel's motion to withdraw plea. Upon the filing of the notice of appeal, the district court would lose jurisdiction over McDaniel's motion to withdraw plea. See *State v. Dedman*, 230 Kan. 793, 796-97, 640 P.2d 1266 (1982) (district court jurisdiction ends upon appellate docketing). In that event, there would be no judgment regarding the motion to withdraw plea from which McDaniel could appeal. Issues pertaining to McDaniel's motion to withdraw plea could not be appealed until decided by the district court, and this court would have no alternative but to stay the appeal until the district court ruled on

the motion to withdraw plea. The "better policy [is] to have jurisdiction of a criminal action repose in only one court at a time to prevent a case from getting lost in the system." 230 Kan. at 797. See *State v. Myers*, 10 Kan. App. 2d 266, 270, 697 P.2d 879 (1985). Although K.S.A. 1993 Supp. 22-3608(a) and K.S.A. 1993 Supp. 21-4603(d)(1), read together, provide a 130-day period following sentencing within which a notice of appeal must be filed, that time period must be deemed extended upon the timely filing of a statutorily authorized post-trial motion when the motion is not ruled on within 120 days of sentencing. *Cf. Owens*, 230 Kan. 804. A notice of appeal must, therefore, be filed either within 130 days of sentencing or within 10 days of the district court's determination of an authorized and timely filed post-trial motion, whichever period is longer. The appeal in this case was timely filed.

## III. PLEA

After sentencing, a defendant may be permitted to withdraw a guilty plea only if to do so would correct manifest injustice. See K.S.A. 22-3210(d); *State v. Dunham*, 213 Kan. 469, 474, 517 P.2d 150 (1972). "The decision to deny a motion to withdraw a plea of guilty lies within the sound discretion of the trial court, and it will not be disturbed on appeal absent a showing that the trial court abused its discretion." *State v. Hill*, 247 Kan. 377, Syl. ¶ 2.

"Judicial discretion is abused when judicial action is arbitrary, fanciful, or unreasonable, which is another way of saying that discretion is abused only when no reasonable person would take the view adopted by the trial court. If reasonable persons could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion. [Citation omitted.] A party claiming an abuse of trial court discretion bears the burden of showing abuse of discretion. [Citation omitted.]" *State v. Larry*, 252 Kan. at 95.

Before entering his guilty plea, McDaniel signed a Petition to Enter Plea of Guilty. Paragraph 7 of this form advised McDaniel of all of his constitutional rights, including the right to a jury trial, the right to counsel, the right to confront and cross-examine witnesses, the right to compel the production of evidence and the

attendance of witnesses, the right against self-incrimination, and the right to appeal and appointment of counsel on appeal. Paragraph 8 advised McDaniel that by pleading guilty he was waiving all of those rights. Paragraph 9 set out the maximum punishment for the offense as life imprisonment. The terms of the plea agreement were set forth in paragraph 12: "In exchange for plea of Guilty to First Degree Murder State will Dismiss counts II & III of Amended Information. Defendant pleads guilty to Aggravated Escape 92CR1015A all other cases & counts dismissed." Paragraph 15 stated that no promises had been made to McDaniel other than those noted in the plea form itself. Defendant's counsel, Mr. Dixon, certified that he had fully explained the charges and maximum penalties for each count of the information and that he had made no predictions or promises as to the sentence the court would impose. Judge Smith signed an order accepting McDaniel's plea, finding that the guilty plea was made "freely, voluntarily and because he/she is guilty as charged, and not out of ignorance, fear, inadvertence or coercion, and with full understanding of its consequences."

At McDaniel's guilty plea hearing on June 12, 1992, the State explained on the record the plea agreement just as it was indicated on the plea petition: McDaniel would plead guilty to murder in the first degree and to aggravated escape from custody, and the remaining charges and cases would be dismissed. Further, "the State would reserve its right to make comments upon all issues involving sentencing and probation." Mr. Dixon agreed that the summary given by the State was his understanding of the plea agreement. Judge Smith asked McDaniel if that was his understanding as well, and he replied, "Yes, it is." Judge Smith obtained a factual basis from McDaniel for his guilty plea to first-degree murder and then questioned McDaniel about the plea petition he had signed:

"THE COURT: Okay, Mr. McDaniel, did you have a chance to go over this plea petition with your lawyer before you signed it?

"MR. MCDANIEL: Yes, I did.

"THE COURT: Is there anything in this plea petition now that you don't understand or that you have got a question on?

"MR. MCDANIEL: No, it isn't.

"THE COURT: Is it your intent this afternoon to enter a plea of guilty to this charge of first degree murder?

"MR. MCDANIEL: Yes, I am.

"THE COURT: Very well, in—I think the record should reflect further that this petition to enter a plea of guilty has been signed by the defendant, defense counsel, and also the district attorney in consideration of this petition to enter a plea of guilty as well as what the defendant himself has related to the Court, I will accept it, a plea of guilty to the amended information which does charge first degree murder, a class A felony."

After obtaining a factual basis for McDaniel's plea of guilty to aggravated escape from custody, Judge Smith questioned Mc-Daniel again about the plea petition:

"THE COURT: Mr. McDaniel, this plea petition that I asked you about a while ago, that covers both cases?

"MR. MCDANIEL: Yes, sir.

"THE COURT: So I assume that you understand fully what it says?

"MR. MCDANIEL: Yes, sir."

In his pro se motion to withdraw plea after sentencing, McDaniel argued that "my lawyer Charles Dixon promised me that if I took a 'plea' that I would receive a 15 to life." He also wrote, "I don't feel that Charles Dixon represented me in the best that he could[.] I don't think that he should have tricked me by telling me that I was going to get a 15 to life if I took the 'plea' so that is the reason why I went ahead and took the 'plea.'"

At a hearing on the motion to withdraw plea, McDaniel testified as follows: At the time he entered his guilty plea, McDaniel understood that the maximum penalty for a class A felony was life imprisonment. However, McDaniel insisted that Mr. Dixon had told him of an arrangement with the prosecutor for McDaniel to receive a 15-year-to-life sentence, being eligible for parole in 7½ years, and McDaniel claimed he did not understand and Mr. Dixon did not inform him that life imprisonment was the only sentence he could receive for a plea of guilty to first-degree murder. McDaniel testified that he had a communication problem with Mr. Dixon and that when Mr. Dixon reviewed the plea petition with him, Mr. Dixon skipped through some of it and used big words that McDaniel could not understand. McDaniel did

admit that he read the plea petition and that he told the court he understood it and had no questions about it. He also admitted that the plea petition said nothing about a 15-to-life sentence. The trial court found that McDaniel's guilty plea was made freely and voluntarily and that no fraud, duress, mutual mistake, or lack of understanding had been shown. McDaniel's motion to set aside his plea was therefore denied.

McDaniel argues that the district court erred in denying his motion to withdraw plea. He contends on appeal that the record does not reveal his plea was knowing and voluntary because the district court failed to comply with K.S.A. 22-3210. He does not, however, specify on which provisions of K.S.A. 22-3210 he bases his assertion. McDaniel notes that counsel is required to explain the range of permissible penalties, *Weigel v. State*, 207 Kan. 614, 485 P.2d 1347 (1971), and he discusses the test for ineffective assistance of counsel as applied in challenges to guilty pleas. He complains of the district court's reliance on the plea petition he signed in concluding that his plea was free and voluntary, arguing that a signed plea petition is not a substitute for the inquiry the court is required to make under K.S.A. 22-3210. McDaniel concludes: "There is nothing in the record to refute Mr. McDaniel's allegation that he was not fully counseled as to [the] nature of the charges and the effects and consequences of his plea by his attorney before the plea was entered and that he would not have pled guilty, had he understood the penalty."

McDaniel's argument in his appellate brief concerning the trial court's failure to comply with the requirements of K.S.A. 22-3210 was not presented to the trial court. A point not raised in the trial court cannot be raised for the first time on appeal. *State v. Ji*, 251 Kan. 3, 17, 832 P.2d 1176 (1992) (defendant failed to raise in trial court ineffective assistance of counsel claim based on counsel's failure to have defendant's expert witnesses evaluate defendant using the proper legal standard for insanity in Kansas; appellate review precluded); *Noble v. State*, 240 Kan. 162, 169-70, 727 P.2d 473 (1986) (appellate review precluded when defendant failed to raise issue in trial court that he was not informed of his Fifth Amendment privilege); *State v. Holley*, 238 Kan. 501, 508,

712 P.2d 1214 (1986) (grounds for severance raised on appeal different than grounds presented to trial court; no appellate review of new grounds); *Lill v. State*, 4 Kan. App. 2d 40, 42, 602 P.2d 129 (1979) (appellate review of legality of nolo contendere plea precluded where raised for first time on appeal). Because McDaniel failed to present this argument to the trial court, the State has not had an opportunity to present evidence to refute McDaniel's contentions; McDaniel is therefore precluded from raising this argument on appeal.

McDaniel's argument that the trial court abused its discretion in denying his motion to withdraw his guilty pleas is based on an argument he set forth in the district court that he was misinformed as to the sentence he would receive. By statute, he could only receive a life sentence. The written plea agreement set forth that the maximum sentence was life. McDaniel testified that he knew the plea agreement set forth a life sentence before he entered his plea. Based on the arguments presented, the trial court did not abuse its discretion in refusing to set aside the defendant's pleas of guilty to first-degree murder and aggravated escape.

Affirmed.