Maurice G. KIMSEY, Petitioner,

v.

Robert D. HANNIGAN, et al., Respondents.

No. 97–3329–DES.

United States District Court, D. Kansas.

Feb. 25, 2000.

Maurice Glenn Kimsey, Lansing, KS, pro se.

Jared S. Maag, Office of Attorney General, Topeka, KS, for Robert D. Hannigan, Attorney General of Kansas, et al., Respondents.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C § 2254. The respondents have filed an answer and return and the petitioner has filed his traverse. The court is now ready to rule.

## I. FACTUAL BACKGROUND

This case evolves from a series of crimes committed by the petitioner and Robert Swanson on May 24, 1990. The petitioner robbed a bank in Nebraska while Swanson remained in the car. Following the bank robbery, Kansas State Trooper Jeff Hersh stopped the petitioner and Swanson for speeding. While the petitioner was seated

in the patrol car, Swanson shot Trooper Hersh several times. The petitioner and Swanson then left the scene of the shooting and broke into a nearby home. The two men abducted the owner of the home and threatened her with a gun. The state charged the petitioner with aggravated battery against a law enforcement officer, aggravated burglary, aggravated assault, kidnaping, and aggravated robbery.

On June 6, 1991, the petitioner's trial counsel filed a motion to have the petitioner examined to determine his competency to stand trial. This motion indicated that the petitioner was "currently receiving significant amounts of medication and has a prior history of having been determined to be incompetent." Although this motion was later withdrawn, the defendant was examined by the Sedgwick County Department of Mental health, who determined that he could understand the charges against him and could assist in his defense. Therefore, they believed that the petitioner was competent to stand trial.

On June 10 and 12, 1991, the petitioner filed several pro se motions with the court. These included a motion for discovery, a motion to dismiss the count concerning the assault on a law enforcement officer, a motion for change of venue, a motion in limine, and a motion to dismiss his attorney and appoint another in his place.

On June 24, 1991, the petitioner entered a plea of *nolo contendere* to the charges of aggravated burglary, aggravated assault, kidnaping, and aggravated robbery. In exchange for this plea, the state agreed to dismiss the charge of aggravated battery against a law enforcement officer. At the plea hearing, the petitioner told the court he was satisfied with the legal representation he had received. The petitioner also stated that he understood everything contained in the plea form. The petitioner was sentenced to a term of seventy-six years to life plus sixty years for these crimes.

Following his sentencing in Kansas, the petitioner was transferred to Nebraska to face the charges concerning the bank robbery. The federal court in Nebraska sent the petitioner to the U.S. Medical Center for Federal Prisoners in Springfield, Missouri, to have him evaluated concerning his competency to stand trial. Based on the mental evaluation conducted at Springfield, Missouri, the judge in Nebraska found the petitioner incompetent to stand trial.

The petitioner now challenges his state court conviction and claims that his plea of *nolo contendere* should be withdrawn. In support of this claim, the petitioner asserts that his trial counsel was ineffective, the state district court erred in failing to appoint counsel and hold an evidentiary hearing on the petitioner's state habeas corpus petition, and that the state district court failed to comply with the strictures of Kan. Stat. Ann. § 22–3210(a)(2) and advise him of the consequences of his plea.

## II. STANDARD OF REVIEW

A petitioner is entitled to federal habeas corpus relief on claims adjudicated on the merits in a state court proceeding only if he establishes that the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or ... was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) and (2). These standards, imposed by the 1996 Antiterrorism and Effective Death Penalty Act ("AEDPA"), increase the degree of deference afforded to state court decisions. *Houchin v. Zavaras,* 107 F.3d 1465, 1470 (10th Cir.1997).

The Tenth Circuit has applied these standards without need to define them beyond their precise statutory wording. Likewise, the court finds the present case can be decided without a more exacting interpretation of the statute. Under any of the deferential standards announced by the Circuit Courts, petitioner is not entitled to relief on any of his claims. *See*

*Smallwood v. Gibson,* 191 F.3d 1257, 1265, n. 2 (10th Cir.1999) (declining to adopt a specific interpretation of § 2254(d)(1) where result would not be altered under any of the varying standards and noting that the Supreme Court granted certiorari to review the Fourth Circuit's interpretation of these standards (*See Williams v. Taylor,* —— U.S. ——, 119 S.Ct. 1355, 143 L.Ed.2d 516 (1999))).

## III. ANALYSIS

### A. Ineffective Assistance of Counsel Claim

The petitioner's first claim is that his trial counsel was ineffective for failing to properly investigate the case, particularly in regard to the issue of the petitioner's mental capacity.

■■■■■ To establish a claim of ineffective assistance of counsel after entering a guilty plea, petitioner must show: (1) " 'that counsel's representation fell below an objective standard of reasonableness,' " *Hill v. Lockhart,* 474 U.S. 52, 57, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)(quoting *Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)); and (2) "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill,* 474 U.S. at 59, 106 S.Ct. 366. There is a presumption that the attorney's conduct comes within "the wide range of reasonable professional assistance." *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052. Thus, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id.* Furthermore, when reviewing an attorney's performance, the court must make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.*

■■■■ The court finds that the petitioner has failed to meet his burden on his ineffective assistance of counsel claim. The petitioner simply cannot show that his attorney's conduct in not undertaking a more complete investigation of his mental history affected the case. Following a motion by his attorney, the petitioner was evaluated by mental health personnel who informed the court that he was competent to stand trial. Given the petitioner's demonstrated comprehension of the legal process, as evidenced by the numerous motions he filed on his own behalf, and the report from the state mental examiners, it is extremely unlikely that the petitioner's trial counsel's conduct affected the outcome of this case. Therefore, the petitioner is not entitled to relief on his ineffective assistance of counsel claim.

### B. Failure to Appoint Counsel and Hold an Evidentiary Hearing

■■■ The petitioner's second claim is that the state district court failed to appoint an attorney and hold an evidentiary hearing on his state habeas corpus petition. The petitioner filed his state habeas corpus petition alleging that he was incompetent at the time he entered his plea. The state judge determined that the petition for habeas relief did not present any substantial issues of law or triable issues of fact. Therefore, the petition was denied without the appointment of counsel or an evidentiary hearing, pursuant to Kansas Supreme Court Rule No. 183(f).

The petitioner has not shown that any federally guaranteed right was violated by this action. Therefore, he must show that the state court decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The petitioner has not made this showing.

There was abundant evidence to show that the petitioner was competent to enter his plea of *nolo contendere.* The petitioner was examined by mental health professionals and found to be competent to stand trial. He showed that he understood the charges against him by filing numerous motions on his own behalf in the case. He clearly indicated at his plea hearing that he understood the charges against him and

the proceedings he was taking part in. Both the defense attorney and the prosecutor stated that they had no doubts about the petitioner's mental capacity to enter the plea. Clearly this evidence is sufficient to overcome the petitioner's claim that he was incompetent to enter his plea.

The petitioner relies heavily on the fact that he was later found to be incompetent to stand trial in his federal case. As shown in the record, the evaluation by the federal authorities took place some time after the state court determined the petitioner to be competent. The fact that the petitioner was found to be incompetent by a different court a considerable time after he was found competent by the state court in this case does not show that the state court erred in its determination. Given the great deal of evidence showing his competence, the court finds that the petitioner was not entitled to habeas relief in state court based solely on the record and that the trial court did not err in making such a determination without appointing counsel or holding an evidentiary hearing.

### C. Failure to Advise the Petitioner of the Consequences of a *Nolo Contendere* Plea

 The petitioner's final argument is that the trial court erred in failing to follow the requirements of Kan. Stat. Ann. § 22–3210(a)(2) and advise him of the consequences of his plea. The Kansas Court of Appeals refused to hear this issue due to a procedural default because the petitioner failed to raise it in his state habeas corpus petition. *Kimsey v. State*, 930 P.2d 27 (Kan.App.1997) (citing *State v. McDaniel*, 255 Kan. 756, 877 P.2d 961 (1994)). Federal habeas review of claims defaulted in state court pursuant to an independent and adequate state procedural rule is barred "unless the petitioner can demonstrate cause for his default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). The peti-

tioner has not shown any actual prejudice or that the failure to consider the claims will result in a fundamental miscarriage of justice. Therefore, the petition will be denied as it relates to this issue.

### IV. CONCLUSION

The court finds that the petitioner is not entitled to any relief in this case. The petitioner has failed to meet his burden of proof on either of his first two claims. The court also finds that the petitioner's third claim was procedurally defaulted at the state court level and, therefore, is not a proper basis for relief in this court. Therefore, the petition for a writ of habeas corpus will be denied.

**IT IS THEREFORE BY THIS COURT ORDERED** that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C § 2254 is denied.