NOT DESIGNATED FOR PUBLICATION

No. 121,374

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RAUL MANUEL MAGALLANEZ,
*Appellant*.

MEMORANDUM OPINION

Appeal from Lyon District Court; W. LEE FOWLER, judge. Opinion filed September 25, 2020. Affirmed in part, reversed in part, sentence vacated, and remanded with directions.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*Amy L. Aranda*, first assistant county attorney, *Marc Goodman*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before WARNER, P.J., STANDRIDGE and GARDNER, JJ.

PER CURIAM: Following his no-contest pleas to two counts of aggravated indecent liberties with a child, Raul Manuel Magallanez appeals the district court's decision to deny three pro se postsentence motions. Magallanez argues the district court erred in denying his motion to correct an illegal sentence, claiming that his sentence was calculated using an incorrect criminal history score. He also contends the district court erred in denying his motion to dismiss, alleging he is entitled to resentencing based on the identical offense doctrine and a violation of his constitutional right to a speedy trial. Finally, Magallanez asserts the district court erred in denying the motion to withdraw his

1

pleas based on ineffective assistance of counsel. For the reasons stated below, we affirm the district court's denial of Magallanez' motion to dismiss and motion to withdraw his pleas. But we agree that Magallanez' criminal history score was incorrect, which we find rendered his sentence illegal as alleged. We therefore reverse the district court's denial of Mallaganez' motion to correct an illegal sentence, vacate his sentence, and remand for resentencing with a criminal history score of G.

FACTUAL AND PROCEDURAL HISTORY

In 2007, a jury convicted Magallanez of 49 counts in three child sexual abuse cases tried together by the district court. On direct appeal, the Kansas Supreme Court found the cumulative effect of five errors substantially prejudiced Magallanez' right to a fair trial. As a result, the court remanded all but two convictions, which were reversed on jurisdictional grounds. *State v. Magallanez*, 290 Kan. 906, 926-27, 235 P.3d 460 (2010).

On remand, Magallanez entered no-contest pleas to two counts of aggravated indecent liberties with a child. In exchange, the State agreed to dismiss the remaining charges in all three cases. The district court sentenced Magallanez to a controlling term of 144 months in prison. We affirmed Magallanez' sentence on appeal. See *State v. Magallanez*, No. 106,255, 2013 WL 646477 (Kan. App. 2013) (unpublished opinion).

In February 2018, Magallanez filed a pro se motion to correct an illegal sentence. In the motion, Magallanez sought application of the identical offense doctrine and suggested that instead of being sentenced for the offense of aggravated indecent liberties with a child, a severity level 3 person felony, he should have been sentenced for the offense of indecent solicitation of a child, which is a severity level 6 person felony. The district court denied Magallanez' motion on grounds that the two offenses were not identical. Magallanez did not appeal this ruling.

2

On March 7, 2019, Magallanez filed a pro se motion to dismiss, alleging a violation of his constitutional right to a speedy trial and reasserting that he should be resentenced under the identical offense doctrine. On March 8, 2019, the district court filed a written order denying the motion. The court rejected Magallanez' speedy trial claim, finding the claim was based on a typographical error. The court also rejected his identical offense argument, again finding the crimes of aggravated indecent liberties with a child and indecent solicitation of a child are not identical.

On March 29, 2019, Magallanez filed an untimely notice of appeal. See K.S.A. 2019 Supp. 22-3603(c) (notice of appeal in criminal case must be filed within 14 days after entry of order or judgment being appealed). The district court later granted Magallanez' request to permit him to file an appeal out of time. See *State v. Ortiz*, 230 Kan. 733, 640 P.2d 1255 (1982) (setting forth judicial exceptions to general rule barring untimely appeals).

On March 29, 2019, the same day he filed his untimely notice of appeal, Magallanez filed a motion to withdraw his pleas on grounds that his plea counsel was ineffective in failing to inform him that any good time credit earned while incarcerated would be added to his postrelease supervision term under K.S.A. 2019 Supp. 21-6821(c). Magallanez claimed that if counsel had so advised him, he would not have entered his pleas. On April 2, 2019, the district court filed a written order denying Magallanez' motion. Magallanez filed a timely appeal.

On April 16, 2019, Magallanez filed another pro se motion to correct an illegal sentence. In this motion, Magallanez alleged that one of his prior convictions was improperly classified as a felony rather than a misdemeanor, which resulted in a criminal history score of F instead of G. Magallanez sought to have his sentence reduced accordingly. On June 4, 2019, the district court filed a written order summarily denying Magallanez' motion. Magallanez filed a timely appeal.

ANALYSIS

Magallanez raises three issues on appeal. First, he argues the district court erred in denying his April 2019 motion to correct an illegal sentence. Second, he contends the court erred in denying his motion to dismiss. Third, he alleges the court erred in denying his motion to withdraw his pleas. We note that although Magallanez filed two of these motions at the same time or after his notice of appeal of the district court's denial of his motion to dismiss, the district court did not lose jurisdiction over Magallanez' case after he filed that notice of appeal on March 29, 2019. This is because his appeal had not yet been docketed when the district court considered the other two motions. See *State v. McDaniel*, 255 Kan. 756, 761, 877 P.2d 961 (1994) (district court does not lose jurisdiction over case to appellate courts until case is docketed or motion to docket appeal is filed with clerk of appellate courts). We address each motion separately below.

1. *Motion to correct illegal sentence*

Magallanez argues that his sentence is illegal because one of his prior convictions was improperly classified as a felony rather than a misdemeanor, which resulted in a criminal history score of F instead of G. The State concedes that Magallanez' prior conviction was improperly classified.

Magallanez did not object to his criminal history score at sentencing. But Magallanez' failure to do so does not prevent him from raising a subsequent challenge under K.S.A. 22-3504 regarding the legal effect of his prior convictions and how those convictions should be classified and counted for purposes of determining his criminal history score. See *State v. Dickey*, 301 Kan. 1018, Syl. ¶ 4, 350 P.3d 1054 (2015).

Under K.S.A. 2019 Supp. 22-3504(a), an illegal sentence may be corrected at any time while a defendant is serving that sentence. An illegal sentence is a sentence that is

"[i]mposed by a court without jurisdiction; that does not conform to the applicable statutory provision, either in character or punishment; or that is ambiguous with respect to the time and manner in which it is to be served at the time it is pronounced." K.S.A. 2019 Supp. 22-3504(c)(1). When a district court improperly classifies a prior conviction for the purpose of determining a defendant's criminal history score, an illegal sentence results. *Dickey*, 301 Kan. at 1034. Whether a sentence is illegal within the meaning of K.S.A. 2019 Supp. 22-3504 is a question of law over which appellate courts exercise unlimited review. See *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016).

To place Magallanez' argument in context, we review some of the basic rules of the revised Kansas Sentencing Guidelines Act. A defendant's presumptive sentence is based on two factors: the severity level of the current offense and the criminal history score of the defendant. See K.S.A. 2019 Supp. 21-6804(a) (containing sentencing grid for nondrug crimes); K.S.A. 2019 Supp. 21-6805(a) (containing sentencing grid for drug crimes). Crime severity levels range from levels 1 (the most serious) to 10 (the least serious). Criminal history scores range from I (no criminal history or one misdemeanor) to A (three or more person felonies). See K.S.A. 2019 Supp. 21-6809; K.S.A. 2019 Supp. 21-6804(a); K.S.A. 2019 Supp. 21-6805(a).

To calculate a defendant's criminal history score, a court examines the defendant's past convictions and then classifies each conviction in two ways—as a felony or a misdemeanor offense, and as a person or nonperson offense. Felonies are weighted more heavily and lead to higher presumptive sentences. Crimes that are person offenses are also weighted more heavily; nonperson offenses are weighted less heavily. See *State v. Keel*, 302 Kan. 560, 574-75, 357 P.3d 251 (2015). Relevant here, a defendant with two nonperson felonies will have a criminal history score of F and a defendant with one nonperson felony will have a criminal history score of G. See K.S.A. 2019 Supp. 21-6809.

5

The presentence investigation (PSI) report provided that Magallanez had been convicted of two nonperson felonies, which gave him a criminal history score of F. See K.S.A. 2019 Supp. 21-6809. Relevant here, the PSI report listed a 1998 driving while suspended conviction that was classified as a nonperson felony. At the time of Magallanez' 1998 conviction, driving while suspended was a felony under K.S.A. 8-262 only on a third or subsequent conviction. See L. 1994, ch. 353, § 4. Magallanez appears to concede that his 1998 driving while suspended conviction was his third such offense. But the PSI report showed that Magallanez had only one other driving while suspended conviction from 1995. A second driving while suspended conviction was a class A nonperson misdemeanor. See L. 1994, ch. 353, § 4.

If Magallanez' 1998 driving while suspended conviction had been properly classified as a misdemeanor rather than a felony, his criminal history score would have been G instead of F because there would have been only one nonperson felony listed on the PSI report. See K.S.A. 2019 Supp. 21-6809. As a result, we must vacate Magallanez' sentence and remand the case to the district court for resentencing using the correct criminal history score.

2. *Motion to dismiss*

Magallanez contends that the district court erred in denying his motion to dismiss. He reasserts his arguments that he is entitled to resentencing under the identical offense doctrine and that his constitutional speedy trial rights were violated.

a. *Identical offense doctrine*

Magallanez first raised the identical offense doctrine argument in his February 2018 motion to correct an illegal sentence. The district court rejected this argument, finding that aggravated indecent liberties with a child and indecent solicitation of a child

did not share the same elements. Magallanez did not appeal this ruling. As a result, Magallanez' attempt to relitigate this issue in his motion to dismiss is barred by the law of the case doctrine.

The law of the case doctrine bars a party from relitigating an issue that a court already decided in earlier stages of the same proceeding. *State v. Parry*, 305 Kan. 1189, Syl. ¶ 1, 390 P.3d 879 (2017). "The doctrine of the law of the case is not an inexorable command, or a constitutional requirement, but is, rather, a discretionary policy which expresses the practice of the courts generally to refuse to reopen a matter already decided, without limiting their power to do so." *State v. Collier*, 263 Kan. 629, Syl. ¶ 2, 952 P.2d 1326 (1998). Litigants are not entitled to have their cases decided on a piecemeal basis but must proceed in accordance with the mandates and legal rulings as established in previous cases. The doctrine promotes judicial efficiency while allowing litigants a full and fair opportunity to present their arguments on a particular point. *Parry*, 305 Kan. at 1194-95.

Because Magallanez did not seek review of the district court's denial of his February 2018 motion to correct an illegal sentence, the legal conclusions announced by the court now serve as the law of the case. Magallanez cannot now relitigate the legality of his sentence under the identical offense doctrine in his motion to dismiss.

b. *Speedy trial*

Magallanez argues that the charges against him should have been dismissed before trial based on a violation of his constitutional right to a speedy trial.

Notably, Magallanez did not raise a speedy trial argument in either the direct appeal of his convictions or his sentence. See *Magallanez*, 290 Kan. 906; *Magallanez*,

2013 WL 646477. But even if we were to overlook Magallanez' unexplained failure to do so, he is not entitled to relief on this basis.

The Sixth Amendment to the United States Constitution and section 10 of the Kansas Constitution Bill of Rights guarantee a criminal defendant the right to a public and speedy trial. Unlike the statutory right to a speedy trial, which attaches when a defendant is arraigned or waives his or her arraignment, the constitutional speedy trial right attaches "'when one becomes accused and the criminal prosecution begins, usually by either an indictment, an information, or an arrest, whichever first occurs.'" *State v. Rivera*, 277 Kan. 109, 112, 83 P.3d 169 (2004); see K.S.A. 2019 Supp. 22-3402(a).

The State filed the complaint in this case on February 21, 2007. The record reflects that the warrant was personally served on Magallanez in court the next day. Because the complaint was filed before Magallanez' arrest for this case, his constitutional speedy trial right attached on February 21, 2007. Magallanez' trial began 174 days later, on August 13, 2007.

Magallanez bases his speedy trial argument on a notation in the record showing that a judge signed his arrest warrant on January 21, 2007. Magallanez appears to argue that because he was already in jail on other charges on that date, the State could have served the warrant on January 21 rather than wait until February 22.

The district court rejected Mallaganez' argument after concluding that the January 21, 2007 date on the arrest warrant was a clerical error. But the date on the warrant is irrelevant to the issue of Mallaganez' constitutional speedy trial rights. These rights attach at formal charging or arrest, not when a judge signs the arrest warrant. See *Rivera*, 277 Kan. at 112. Magallanez' entire argument turns on this faulty logic, and he addresses none of the other factors courts must consider when determining whether a defendant's constitutional right to a speedy trial has been violated. See *Barker v. Wingo*,

8

407 U.S. 514, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972). Magallanez' argument necessarily fails.

The district court did not err in denying Magallanez' motion to dismiss. See *State v. Overman*, 301 Kan. 704, 712, 348 P.3d 516 (2015) (if district court reaches correct result, its decision will be upheld even though it relied on wrong ground or assigned erroneous reasons for its decision).

3. *Motion to withdraw pleas*

Finally, Magallanez argues that the district court erred in denying his motion to withdraw his pleas based on ineffective assistance of counsel.

"To correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw the plea." K.S.A. 2019 Supp. 22-3210(d)(2). Generally, an appellate court will not disturb a district court's denial of a postsentence motion to withdraw plea absent an abuse of discretion. *State v. Johnson*, 307 Kan. 436, 443, 410 P.3d 913 (2018). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018).

A postsentence motion to withdraw a plea must be filed within one year of either:

> "(A) The final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction; or (B) the denial of a petition for a writ of certiorari to the United States supreme court or issuance of such court's final order following the granting of such petition." K.S.A. 2019 Supp. 22-3210(e)(1).

9

This one-year time limitation may be extended "only upon an additional, affirmative showing of excusable neglect by the defendant." K.S.A. 2019 Supp. 22-3210(e)(2). When a defendant fails to make a showing of excusable neglect, an appellate court may consider the motion untimely and deny relief. See *State v. Williams*, 303 Kan. 605, 608, 366 P.3d 1101 (2016).

After Mallaganez filed a direct appeal of the plea proceedings, we affirmed his sentence. *Mallaganez*, 2013 WL 646477. The Kansas Supreme Court denied his petition for review, and the mandate issued on August 20, 2013. Magallanez moved to withdraw his pleas on March 29, 2018, well outside the one-year time limitation. See K.S.A. 2019 Supp. 22-3210(e). Magallanez fails to acknowledge the untimeliness of his motion and has made no attempt to show excusable neglect. His motion presented no reasons to excuse the delay, nor does his appellate brief.

Because the failure to argue excusable neglect after filing an untimely postsentencing motion to withdraw a plea is fatal, Magallanez' motion is procedurally barred. See *State v. Moses*, 296 Kan. 1126, 1128, 297 P.3d 1174 (2013). The district court correctly denied the motion, albeit for the wrong reasons. See *Overman*, 301 Kan. at 712.

CONCLUSION

In summary, we affirm the district court's denial of Magallanez' motion to dismiss and motion to withdraw his pleas. We reverse the district court's denial of Mallaganez' motion to correct an illegal sentence, vacate his sentence, and remand for resentencing with a criminal history score of G.

Affirmed in part, reversed in part, sentence vacated, and remanded with directions.