Doug MORRIS, Petitioner,

v.

David McKUNE, et al., Respondents.

No. 92–3064–DES.

United States District Court,
D. Kansas.

Jan. 21, 1993.

Benjamin C. Wood, Lawrence, KS, for petitioner.

Jon P. Fleenor, Asst. Atty. Gen., Topeka, KS, for respondents.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter comes before the court on a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner, an inmate at the Lansing Correctional Facility, Lansing, Kansas, entered a plea of guilty to attempted first-degree murder, pursuant to *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). Petitioner was sentenced to a term of fifteen (15) years to life. Petitioner did not take a direct appeal, but filed a post-conviction motion pursuant to K.S.A. 60–1507 claiming the charging information was fatally defective and that his plea was not knowingly and intelligently made. The trial court dismissed the motion and the Kansas Court of Appeals affirmed. The Kansas Supreme Court denied petition for review.

On February 24, 1992, petitioner filed this action and claims the Kansas Court of Appeals did not properly apply Kansas law concerning the defective information, the court erroneously concluded that his plea was knowingly and intelligently made and that the defective information deprived him of the opportunity to present a defense.

Having reviewed the record in this matter, the court makes the following findings and order.

*Factual Background*

Petitioner was originally charged with the crimes of attempted first-degree murder, burglary and conspiracy to commit first-degree murder. Through plea negotiations, an agreement was reached whereby petitioner pled to the attempted first-degree murder charge and the State dismissed the remaining two charges and agreed to recommend a sentence of fifteen (15) years to life. Prior to the acceptance of his plea, petitioner signed a statement of stipulated facts which thoroughly detailed what the State would prove if the case went to trial. The trial court questioned petitioner extensively before accepting the plea.

*Discussion*

■ Petitioner's first argument is that the information failed to allege all the essential elements of the crime of attempted first-degree murder. Specifically, petitioner claims that the information failed to allege intent or any overt act toward perpetration of the crime.

In addressing those claims, the Kansas Court of Appeals held that a common sense reading of the language of the information, specifically the use of the words, "feloniously" and "willfully," lead to the conclusion that petitioner was apprised that he was being charged with appropriate criminal intent.

Second, although the court admitted that the information did not allege any overt act, it held the omission was not fatal.

Relying on *State v. Hall*, 246 Kan. 728, 793 P.2d 737 (1990), the court concluded that the totality of the circumstances and the facts show that the omission could not possibly have resulted in surprise or prejudice to the rights of the petitioner.

Petitioner argues that the court of appeals erroneously applied the *Hall* test to his case because *Hall* specifically stated it was to be applied prospectively not retroactively.[1]

■ The decision of a state to make a ruling retroactive or prospective raises no constitutional issue. *LaRue v. McCarthy*, 833 F.2d 140, 143 (9th Cir.1987), *cert. denied*, 485 U.S. 1012, 108 S.Ct. 1482, 99 L.Ed.2d 710 (1988) citing *Wainwright v. Stone*, 414 U.S. 21, 24, 94 S.Ct. 190, 193, 38 L.Ed.2d 179 (1973) (per curiam). Notwithstanding that a state court's announcement of a new rule is based on the court's conclusion that the new rule was impelled by federal constitutional principles, a state court's decision whether to make a new rule retroactive raises no federal constitutional issue. *Robinson v. Ponte*, 933 F.2d 101, 104 (1st Cir.1991) *cert. denied*, —— U.S. ——, 112 S.Ct. 1301, 117 L.Ed.2d 522 (1992). The administration of criminal law is largely a state concern. *Id.* at 105.

Although, the court of appeals appears to have applied *Hall* retroactively, that application was tacitly affirmed by the Kansas Supreme Court when it denied petitioner's petition for review. This court should not engage in intrusive action merely because it may disagree with a state court's interpretation of state law. *Burnett v. Illinois*, 619 F.2d 668, 671 (7th Cir.), *cert. denied*, 449 U.S. 880, 101 S.Ct. 229, 66 L.Ed.2d 104 (1980). Petitioner's first claim is without merit.

■ Petitioner also claims his guilty plea was not voluntarily, knowingly, and intelligently made.

---

1. In *State v. Waterberry*, 248 Kan. 169, 804 P.2d 1000, 1004 (1991), the Kansas Supreme Court modified *Hall*, applying it to cases pending in the courts as of the date of the opinion, in which "a defendant has entered a plea of guilty and the defect in the information has not prejudiced the defendant in the preparation of a defense, impaired the defendant's ability to raise a double jeopardy defense, or limited the defendant's substantial rights to a fair trial."

A trial judge may not accept a guilty plea without an affirmative showing that the petitioner's plea was intelligent and voluntary. *Boykin v. Alabama*, 395 U.S. 238, 242, 89 S.Ct. 1709, 1711, 23 L.Ed.2d 274 (1969). *Boykin* requires an affirmative showing of voluntariness. *Sena v. Romero*, 617 F.2d 579, 581 (10th Cir.1980). In *U.S. v. Davis*, 929 F.2d 554 (10th Cir.1991), the court discussed the requirements necessary for an affirmative showing. There the court determined that the record need not show an enumeration of specific rights waived and elements charged, but only that the plea was voluntary and intelligent. *Id.* at 557.

In the case before this court, the record is clear that the trial court carefully questioned petitioner concerning the rights he was waiving. The trial court inquired as to defendant's understanding of the rights he was waiving including: the right to remain silent; the right to go to trial; the right to confront witnesses; the right to the presumption of innocence; and the right to appeal. The record shows petitioner was not threatened nor coerced in his plea. The record also shows petitioner was not under the influence of alcohol or drugs. Petitioner acknowledged that he had read, understood and signed the plea agreement. This court concludes that petitioner's plea was voluntarily, knowingly, and intelligently made.

■ Petitioner finally argues that he was deprived of preparing a defense in violation of his constitutional right to due process.

■ The right to present a defense is fundamental. *Chambers v. Mississippi*, 410 U.S. 284, 302, 93 S.Ct. 1038, 1049, 35 L.Ed.2d 297 (1973). Petitioner has failed to articulate any way in which he was denied this right. Although he alludes to his efforts to discern the evidence against him, petitioner fails to acknowledge that he read and signed the factual statement included in the plea agreement. Petitioner has failed to show any detriment to his ability to present a defense.

IT IS THEREFORE BY THE COURT ORDERED that the petition of writ of ha-

beas corpus is dismissed and all relief denied. The clerk of the court is directed to transmit copies of this order to petitioner and respondent.