1 F.3d 1249
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Doug MORRIS, Petitioner-Appellant,
v.
David R. McKUNE and Attorney General of Kansas, Respondents-Appellees.
 No. 93-3059.
 United States Court of Appeals, Tenth Circuit.
 July 28, 1993.
 
 Before LOGAN, MOORE, and BRORBY, Circuit Judges.
 ORDER ON APPLICATION FOR A CERTIFICATE OF PROBABLE CAUSE
 MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Doug Morris, a state prisoner, appeals from a judgment denying his 28 U.S.C. Sec. 2254 petition for a writ of habeas corpus. Also pending before us is his application for a certificate of probable cause. Because we determine petitioner has not made a substantial showing of the denial of an important federal right by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings, we deny the certificate of probable cause. Barefoot v. Estelle, 463 U.S. 880 (1983).
 
 
 3
 In a state court prosecution in which he was charged with several offenses growing out of a plot to kill the husband of a former girl friend, petitioner entered an Alford plea of guilty to the crime of attempted murder in the first degree. After exhausting available state remedies, he petitioned the federal district court for habeas corpus relief asserting the Kansas Court of Appeals failed to follow a state "rule" when it applied a substantive judicial decision to his conviction in a manner assertedly incorrect under Kansas law.
 
 
 4
 Although citing no supportive precedent, he asserted this judicial action unconstitutionally deprived him of the benefits of that "rule." He also claimed the state court failed to determine his guilty plea was voluntary.
 
 
 5
 The district court examined the state record and concluded the state court decision and the alleged apparent failure of that court to follow state precedent did not give rise to federal habeas relief. La Rue v. McCarthy, 833 F.2d 140, 143 (9th Cir.1987), cert. denied, 485 U.S. 1012 (1988); Robinson v. Ponte, 933 F.2d 101, 104 (1st Cir.1991), cert. denied, 112 S.Ct. 1301 (1992). Although petitioner attempts to avoid this precedent by casting the state judicial interpretation as a "rule" that must be applied evenhandedly, it is nonetheless apparent that the force of his argument is simply that the state appellate court incorrectly applied Kansas substantive law. This is not the fodder of a federal habeas court. Tucker v. Makowski, 883 F.2d 877, 882 (10th Cir.1989).
 
 
 6
 The district court examined the state record and found that before accepting petitioner's plea, the state court inquired into petitioner's understanding of the rights he was waiving as a consequence of his plea and determined that petitioner had been neither threatened nor coerced. Thus, relying upon United States v. Davis, 929 F.2d 554 (10th Cir.1991), the habeas court concluded the plea was voluntary.
 
 
 7
 On appeal, petitioner contends Davis is inapposite because the charge to which he entered his plea failed to include an allegation of intent or an overt act. He asserts, therefore, no plea could be informed and voluntary. Petitioner neglects to mention, however, that at the state arraignment the prosecution presented a statement of the evidence it could prove at trial. That statement contains a multitude of facts showing both intent and overt acts.
 
 
 8
 At arraignment, petitioner acknowledged having read and discussed this statement at length with his attorney the day before. He also acknowledged the prosecutor had redrafted the final statement to accommodate some of his objections to a prior draft.
 
 
 9
 Thus, the state record clearly demonstrates petitioner had full knowledge of the facts relied upon by the state to sustain the charge of attempted murder. The possible technical failure of the charging document to assert certain magical legalisms does not negate the value or importance of that knowledge. Because of that knowledge, petitioner could knowingly enter his plea.
 
 
 10
 Moreover, our examination of the record of the state court arraignment indicates to us the district court's finding of voluntariness is not clearly erroneous. We conclude the state court's acceptance of the plea was in compliance with the principle we established in Davis.
 
 
 11
 The certificate of probable cause is therefore DENIED, and the appeal is DISMISSED. The mandate shall issue forthwith.