**Eugenio Lopez RODRIGUEZ,**
**Petitioner–Appellant,**

v.

**STATE OF NEW MEXICO,**
**Respondent–Appellee.**

No. 93–2128.

United States Court of Appeals,
Tenth Circuit.

Dec. 27, 1993.

Richard J. Knowles, Albuquerque, NM, for petitioner-appellant.

Margaret McLean, Asst. Atty. Gen., and Tom Udall, Atty. Gen., Santa Fe, NM, for respondent-appellee.

Before TACHA, BALDOCK and KELLY, Circuit Judges.*

PER CURIAM.

Petitioner-appellant Eugenio Lopez Rodriguez appeals from the district court's denial of his request for an evidentiary hearing and subsequent dismissal of his habeas corpus petition, 28 U.S.C. § 2254. Our jurisdiction arises under 28 U.S.C. §§ 1291 & 2253, and we affirm.

In an attempt to collaterally attack the presumptive voluntariness of his plea, *see Blackledge v. Allison,* 431 U.S. 63, 74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977), Mr. Lopez asserts by affidavit that the government breached a promise, undisclosed on the record of the plea proceedings, of an unsupervised conjugal visit. Although promises made by prosecuting attorneys "must be fulfilled to maintain the integrity of the plea," *United States v. Hand,* 913 F.2d 854, 856 (10th Cir.1990) (citing *Santobello v. New York,* 404 U.S. 257, 262, 92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971)), only breaches of material promises will allow a court to conclude that a plea was involuntarily induced and thus constitutionally infirm. *United States v. Pollard,* 959 F.2d 1011, 1028 (D.C.Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 322, 121 L.Ed.2d 242 (1992). As in contract, the terms of a plea agreement and their relative

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the deter-mination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause therefore is ordered submitted without oral argument.

materiality are evaluated by an objective standard. *See McKenzie v. Risley,* 801 F.2d 1519, 1526–27 (9th Cir.1986), *vacated in part on other grounds,* 842 F.2d 1525 (9th Cir. 1988) (en banc). In light of the significant benefits Mr. Lopez did receive as a result of his plea agreement, including the avoidance of a possible death sentence, the alleged breach of a promise of a conjugal visit did not deprive the agreement of its voluntary character. Because Mr. Lopez has failed to "allege[ ] facts which, if proven, would entitle him to relief," *Townsend v. Sain,* 372 U.S. 293, 312, 83 S.Ct. 745, 757, 9 L.Ed.2d 770 (1963), the district court did not err in denying his request for an evidentiary hearing and dismissing the petition.

AFFIRMED.