Douglas Roy MORRIS, Petitioner,

v.

David McKUNE and the Attorney General of Kansas, Respondents.

No. 96–3203–DES.

United States District Court, D. Kansas.

Sept. 22, 1999.

**1110**

Douglas Roy Morris, Lansing, KS, pro se.

Stacey L. Donovan, Third Judicial District Public Defender, Topeka, KS, for petitioner.

Jared S. Maag, Office of Attorney General, Topeka, KS, for respondents.

*MEMORANDUM AND ORDER*

SAFFELS, District Judge.

This matter is before the court on a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner, an inmate at the Lansing Correctional Facility, Lansing, Kansas, seeks to withdraw his guilty plea. The respondents have filed an Answer and Return and the relevant state court records, and this matter is ripe for review.

**Procedural and factual background**

In January 1987, petitioner entered a plea of guilty, pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), to one count of attempted first-degree murder. The plea agreement provided for the dismissal of charges of burglary and conspiracy to commit first-degree murder. Prior to the entry of his plea, petitioner signed a statement of stipulated facts which recited what the prosecution would prove if the case proceeded to trial. Among its provisions, the agreement recited that "Both parties agree to confine any statements to the press to the stipulated facts submitted to the Court." (Doc. 2, Appendix A.) Petitioner was sentenced to a term of fifteen years to life.

Petitioner did not file a direct appeal, but he later sought postconviction relief. This court denied a prior petition for habeas corpus. *Morris v. McKune*, 812 F.Supp. 1150 (D.Kan.1993), *aff'd*, 1 F.3d 1249, 1993 WL 298932 (10th Cir.1993).[1]

In December 1993, petitioner filed a motion to withdraw his guilty plea. This action followed a parole hearing held on September 27, 1993, at which Johnson County District Attorney Paul Morrison and Leawood Police Detective Joe Langer addressed the Kansas Parole Board in opposition to petitioner's release. On the following day, the **Kansas City Star** ran a

---

1. Morris filed his current petition on April 21, 1996, shortly before the Antiterrorism and Effective Death Penalty Act of 1996 took effect on April 14, 1996. Therefore, the provisions of the AEDPA do not apply to this action. *See Lindh v. Murphy*, 521 U.S. 320, 337, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997) (AEDPA generally applicable only to cases filed after its effective date).

brief article which attributed to Morrison statements that described petitioner as one of the most dangerous individuals he had encountered during his thirteen years as a prosecutor and the crime as a "botched contract killing" done "out of spite" after the victim dated and later married petitioner's former girlfriend. Langer's comments described petitioner's intimidation of witnesses and their ongoing fear of petitioner's release. Petitioner alleged these remarks violated the terms of his plea agreement.

The state district court issued an order on March 7, 1994, denying the motion. The court did not reach the merits of petitioner's claims, but instead found the motion was not timely filed and could not be considered. The court noted, however, that it found no reason to permit withdrawal of the plea. Petitioner filed a notice of appeal from that decision on March 22, 1994.

The Kansas Supreme Court rejected the appeal on July 14, 1995. It found the state district court had jurisdiction to consider petitioner's claims on the merits but concluded that the petitioner had failed to file the notice of appeal in a timely manner. The court therefore dismissed the appeal.

 In this action, petitioner contends the Kansas Supreme Court erred in determining his notice of appeal was not timely filed and that this finding should not bar federal court review of his claim.

### Discussion

Petitioner filed a motion to withdraw his guilty plea on December 10, 1993, pursuant to K.S.A. § 22–3210(d), which provides, in part, "To correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw the plea." The Kan-

sas Supreme Court held that the appeal time in this matter was governed by its holding in *State v. McDaniel*, 255 Kan. 756, 877 P.2d 961 (1994), that a notice of appeal from denial of a motion to withdraw a guilty plea "must be filed either within 130 days of sentencing or within 10 days of the district court's determination of an authorized, timely filed post-trial motion, whichever period is longer." 877 P.2d at 965. The parties do not dispute this finding.

Appellate practice is governed by statute. Under state statute, petitioner had ten days to file a notice of appeal from the filing of the journal entry on March 7, 1994. K.S.A. § 22–3608(a). This ten-day computation is governed by K.S.A. § 60–206(a),[2] which provides, in relevant part, "When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation." Finally, because petitioner received the journal entry by mail, he is entitled to the benefit of K.S.A. § 60–206(e), which provides:

(e) Additional time after service by mail. Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon such party and the notice or paper is served upon such party by mail, three days shall be added to the prescribed period.

When examined in light of the *McDaniel* holding and the provisions of K.S.A. §§ 60–206(a) and 60–206(e), petitioner's notice of appeal was timely filed. The journal entry was filed on Monday, March 7, 1994, and petitioner filed his notice of appeal by mail on Tuesday, March 22, 1994.[3]

---

**2.** The provisions of K.S.A. § 60–206 apply to appellate criminal practice where the defendant is not entitled to be present at the hearing. *State v. Ji*, 255 Kan. 101, 872 P.2d 748, 754–55 (1994).

**3.**

Monday, March 7: journal entry filed

| Tuesday, | March 8: | Day 1 |
|------------|-----------|----------|
| Wednesday, | March 9: | Day 2 |
| Thursday, | March 10: | Day 3 |
| Friday, | March 11: | Day 4 |
| Saturday, | March 12: | excluded |
| Sunday, | March 13: | excluded |
| Monday, | March 14: | Day 5 |
| Tuesday, | March 15: | Day 6 |

The court has reviewed the applicable state law provisions and is persuaded the Kansas Supreme Court simply erred in its determination that petitioner failed to timely file his appeal.[4]

■ The incorrect application of state law rules is insufficient to establish procedural default. *See Hathorn v. Lovorn,* 457 U.S. 255, 262–63, 102 S.Ct. 2421, 72 L.Ed.2d 824 (1982) (state rule is not "adequate" for purposes of procedural bar unless "strictly or regularly followed"); *see also Johnson v. Mississippi,* 486 U.S. 578, 587, 108 S.Ct. 1981, 100 L.Ed.2d 575 (1988) (state procedural rule must be "consistently or regularly applied" to support application of procedural bar in habeas corpus) and *Messer v. Roberts,* 74 F.3d 1009, 1015 (10th Cir.1996) (state procedural rules are accorded deference by federal courts in habeas corpus only where rules are "firmly established and regularly followed state practice" and procedural default has been applied to all similar claims) (citations omitted). The court concludes petitioner has satisfied his burden of making specific allegations as to the inadequacy of the state action here, *see Hooks v. Ward,* 184 F.3d 1206, 1216 (10th Cir.1999), and that the respondent has failed to demonstrate that the state action in question is the result of a regular, consistent application of state law.

■ Because the court has determined a finding of procedural default is not appropriate here due to the erroneous application of state statutes, it will consider whether petitioner should be permitted to withdraw his guilty plea.

Wednesday, March 16: Day 7
Thursday, March 17: Day 8
Friday, March 18: Day 9
Saturday, March 19: excluded
Sunday, March 20:excluded
Monday, March 21: Day 10
Tuesday, March 22: Day 11 *notice of appeal filed*
Wednesday, March 23: Day 12
Thursday, March 24: Day 13 end of 3 days allowed by § 60–206(e)

■ "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be a part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York,* 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). Only material breaches of a plea agreement provide a basis for a court to determine that a plea was involuntary. *Rodriguez v. New Mexico,* 12 F.3d 175, 175 (10th Cir.1993) (citation omitted). The materiality of a term is evaluated by an objective standard. *Id.* (citation omitted). Thus, in examining a claim of breach, a court examines "what was 'reasonably understood by [the petitioner] when he entered his plea of guilty.'" *United States v. Arnett,* 628 F.2d 1162, 1164 (9th Cir.1979) (quoting *United States v. Crusco,* 536 F.2d 21, 27 (3d Cir. 1976)).

In this case, the parties agreed to confine any statements to the press to the stipulated facts submitted to the trial court. The court is convinced by its review of the record that the statements made by the prosecutor and detective during a public comment session before the Kansas Parole Board did not breach that agreement. The stipulations did not prohibit comment in that forum, and the statements attributed to the prosecutor and detective are amply supported by the stipulated facts submitted to the trial court. The court finds no violation of due process and concludes the petition for habeas corpus must be denied.

IT IS THEREFORE ORDERED this matter is dismissed and all relief is denied.

4. The Kansas Supreme Court did not specify its calculation of the filing period for the notice of appeal. It stated, "It is obvious that the notice of appeal was filed more than 130 days after defendant was sentenced and not within 10 days of the trial court's denial of his motion to withdraw his plea." *State v. Morris,* # 72,468, slip opinion at 6–7.

The clerk of the court shall transmit copies of this Memorandum and Order to the parties.

**IT IS SO ORDERED.**