**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 13, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

WESLEY I. PURKEY,

   Petitioner-Appellant,

v.

STATE OF KANSAS,

   Respondent-Appellee.

No. 07-3349

(D. of Kan.)

(D.C. No. 06-CV-3356-SAC)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.[**]

 Wesley I. Purkey seeks a certificate of appealability (COA) to challenge the district court's denial of habeas corpus relief under 28 U.S.C. § 2254. The court denied him relief because he filed his petition after the limitations period had

---

 [*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

 [**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

expired. Proceeding pro se,[1] Purkey now seeks a COA from this court to appeal the district court's order. We DENY this request.

## I. Background

In 1998, Purkey was charged with first degree felony murder in violation of K.S.A. § 21-3401 and aggravated robbery in violation of K.S.A. § 21-3427. He admitted to police he beat to death 80-year-old Mary Ruth Bales with a hammer when he came to her house for plumbing repairs. He later returned to the house and stole a purse and a couple of watches. Purkey claimed, however, that his actions were a result of diminished capacity caused by rat poison his wife, Jeanette Long, had used to contaminate his cocaine supply. Prior to trial, his attorney deposed Ms. Long, but she denied these allegations. Purkey subsequently pleaded guilty to both first degree felony murder and aggravated robbery. A Kansas court sentenced him to life plus 206 months in prison.

In an unrelated case, Purkey was subsequently charged in federal court with kidnaping and murdering another woman. While investigating this case, an investigator hired by Purkey's attorney obtained affidavits from Ms. Long. In these affidavits, she admitted she had previously laced her husband's drugs with rat poison.

---

[1] Because Purkey proceeds pro se, we review his pleadings and filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Purkey was convicted in the second murder case. In sentencing Purkey, the federal district court used the conviction in the Bales case as an aggravating factor and imposed the death penalty.

*State habeas proceedings*

On June 24, 2003, Purkey filed a state habeas petition, seeking relief from his conviction in the Bales case. The district court denied the petition, and the Kansas Court of Appeals affirmed. The Kansas Supreme Court then denied review on September 19, 2006.

*Federal habeas proceedings*

Purkey then filed a federal habeas petition on December 26, 2006, seeking relief from his conviction in the Bales case. He alleged (1) his trial counsel provided him ineffective assistance of counsel, (2) his guilty plea was not knowing and voluntary, and (3) the state breached his plea agreement.

The district court ordered Purkey to show cause why the petition should not be dismissed as time-barred under 28 U.S.C. § 2244(d)(1). Under the statute of limitations, Purkey had one year to file a federal habeas petition. *Id.* This limitations period runs from the latest of four events listed in § 2244(d)(1).[2] The

_____

[2] The limitations period shall run from the latest of—

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(continued...)

-3-

district court concluded the latest event was "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). In the Bales case, the time for seeking direct review expired on May 9, 2000. Therefore, Purkey had until May 9, 2001 to file his petition, unless the limitations period had been tolled. The district court ordered Purkey to explain why his habeas petition, filed on December 26, 2006, should be considered timely.

Purkey argued the limitations period had been statutorily and equitably tolled. The district court rejected Purkey's arguments and dismissed his habeas

---

[2](...continued)

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

petition as untimely. The court also denied Purkey's request for a COA. This motion for a COA followed.

## II. Discussion

When a district court denies a habeas petition on procedural grounds, we only grant a COA when "the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gibson v. Klinger*, 232 F.3d 799, 802 (10th Cir. 2000) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Both elements must be satisfied before we grant a COA. *Id.* ("[E]ach step is part of a threshold inquiry, which must be satisfied before the court of appeals hears the appeal." (internal quotation marks omitted)).

Purkey makes the following arguments in favor of granting a COA: (1) newly discovered evidence warrants tolling under 28 U.S.C. § 2244(d)(1)(D); (2) Purkey's breach of the plea agreement claim was equitably tolled; and (3) Purkey's trial counsel provided him ineffective assistance of counsel during plea negotiations. Purkey also argues the district court abused its discretion by denying him an evidentiary hearing and denying his motion to appoint counsel.

### A.    Newly Discovered Evidence

Purkey argues the statute of limitations should not have begun to run until October 26, 2002, when an investigator obtained an affidavit from Ms. Long

stating she had laced Purkey's drugs with rat poison. If the statute of limitations

did not begin to run until October 26, Purkey's habeas petition would be timely.[3]

Under 28 U.S.C. § 2244(d)(1)(D), "[t]he limitations period shall run from

the latest of . . . the date on which the factual predicate of the claim or claims

presented could have been discovered through the exercise of due diligence."

Even if October 26, 2002, is the date by which the evidence contained in the

affidavit could have been discovered through due diligence, this evidence does

not constitute a factual predicate of any of the petitioner's habeas claims.

A factual predicate "constitutes the 'vital facts' underlying those claims."

*McAleese v. Brennan*, 483 F.3d 206, 214 (3d Cir. 2007). In his habeas petition,

Purkey alleged (1) he received ineffective assistance of counsel, (2) he did not

knowingly and voluntarily plead guilty, and (3) the government breached the plea

---

[3] Under Purkey's theory, the statute of limitations would not begin to run until October 26, 2002, pursuant to 28 U.S.C. § 2244(d)(1)(D). The limitations period then would run for less than eight months, from October 26, 2002 until June 24, 2003. Starting on June 24, 2003, the limitations period would be tolled because Purkey had timely filed a state habeas petition. *See id.* § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). The limitations period would be tolled until September 19, 2006, when the Kansas Supreme Court denied review of Purkey's petition. The limitations period would then run for less than three months, from September 19, 2006, until December 26, 2006. On December 26, Purkey filed his habeas petition with the federal district court. Because the limitations period ran for less than a year, his petition would be timely under this theory.

agreement. Ms. Long's affidavit does not contain vital facts supporting any of these three claims.

## 1. Ineffective assistance of counsel

To establish ineffective assistance of counsel, a petitioner must show (1) counsel's performance fell below an objective standard of reasonableness, and (2) petitioner was prejudiced by the deficient representation. *E.g., Hill v. Lockhart*, 474 U.S. 52, 57 (1985).

Purkey makes two ineffective assistance of counsel claims. First, he argues his trial attorneys were deficient because they failed to file a motion seeking to suppress certain incriminating statements Purkey made to the police. Nothing in the record indicates that the testimony contained in Ms. Long's affidavit constitutes vital facts supporting this argument. Because the affidavit is not a factual predicate of this ineffective assistance of counsel claim, it is time-barred.

Second, Purkey alleges that his trial attorneys failed to thoroughly investigate whether he had been poisoned by his wife. On appeal, he argues Ms. Long's affidavit is a factual predicate supporting this claim. This argument is not persuasive.

Substantial evidence supports the Kansas Court of Appeals's conclusion that Purkey's attorneys conducted an objectively reasonable investigation. As the Kansas Court of Appeals explained,

> [I]t is readily apparent that his mental state at the time of the crime was thoroughly investigated by the three attorneys who represented him up to the time Purkey elected to end the proceedings and plead guilty.
>
> Upon the request of counsel, Purkey received a mental evaluation at Larned State Hospital. His counsel sought a second evaluation which the trial court denied. His counsel moved the court to appoint a toxicologist and to permit him to depose Purkey's codefendants to identify any poisons given to Purkey. Both motions were granted. . . . [W]hen his counsel deposed Jeanette she denied ever poisoning Purkey.

R., Doc. 1, Exhibit D at 4–5. Evidence demonstrating that Ms. Long lied about the poisoning does not undermine the Kansas Court of Appeals's conclusion. Nothing in the record suggests that if Purkey's attorneys had been more diligent, she would have confessed to the poisoning. Because Ms. Long's affidavit did not contain facts vital to Purkey's ineffective assistance of counsel claim, this evidence did not constitute a factual predicate. Therefore, this claim is also time-barred.

**2. Knowing and voluntary guilty plea**

In his habeas petition, Purkey argues his guilty plea was not knowing and voluntary because he was represented by incompetent counsel at the time of the plea negotiations. For the same reasons as stated above, we conclude this claim is time-barred.

We also liberally construe Purkey's petition as arguing he did not knowingly and voluntarily plead guilty because he was not competent at the time

-8-

of the plea. "Enforcement of a conviction based on a plea of an incompetent person is a denial of due process." *Sena v. New Mexico State Prison*, 109 F.3d 652, 655 (10th Cir. 1997). "The standard for determining competency to enter a guilty plea is the same as that required to determine competence to stand trial." *Miles v. Dorsey*, 61 F.3d 1459, 1472 n.12 (10th Cir. 1995). This standard is,

> whether the defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and has a rational as well as factual understanding of the proceedings against him. The presence of some degree of mental disorder in the defendant does not necessarily mean that he is incompetent to knowingly and voluntarily enter a plea as well as aid and assist in his own defense.

*Id.* at 1472 (quotations omitted). "In a federal habeas proceeding stemming from a state court conviction, the burden is on the petitioner to prove, by a preponderance of the evidence, that he was incompetent in fact at the time of the plea." *Id.*

The Kansas Court of Appeals explained that substantial evidence supported its conclusion that Purkey was competent at the time of his plea:

> During his plea hearing, Purkey told the court that he had attended 3 years of college. He stated that he had no complaints about the way his attorney represented him. He told the court that he understood the nature and effect of his guilty plea and had no questions. He denied that his plea was induced by any threats or promises. In lucid and cogent remarks, he told the court:
>
> "Without trying to diminish my responsibility, when I went to Ms. Bales' house I had no intention of hurting her. I did kill Ms. Bales. I went back the next day. I did take a purse, her purse. I took a couple of watches to make it look like there had been a break-in in

the house. I understand there is some cash taken. I took no cash from Ms. Bales. In fact, I took nothing but the purse and some odds and ends."

Purkey understood the charges against him and the consequences of his guilty plea. His plea was knowingly, intelligently, and voluntarily entered.

R., Doc. 1, Exhibit D at 6–7.

Ms. Long's affidavit does not contain facts vital to Purkey's incompetency claim; her allegations do not undermine the Kansas Court of Appeals's conclusion that Purkey knowingly and voluntarily pleaded guilty. Nothing in the record supports an inference that rat poison—which Purkey allegedly consumed more than a year before the plea hearing—would have affected Purkey's competency at the time he pleaded guilty. Because the affidavit does not constitute a factual predicate, this claim is also time-barred.

### 3. Breach of plea agreement

Purkey also alleges in his habeas petition that the state breached his plea agreement by not returning certain property after he exhausted his appeals. According to Purkey's plea agreement, "[t]he defendant will receive the personal pictures which were confiscated from his residence and the personal tools belonging to the defendant which were confiscated will be returned to Donnie Skeen. The transfer of this property will not take place until the time for appeal of the case has run." R., Doc. 1, Exhibit B at 3, ¶ 12. Purkey alleges the state never returned this property. Nothing in the record suggests Ms. Long's affidavit

contained vital facts supporting this breach of plea agreement claim. Although the affidavit did not constitute a factual predicate, this claim may still be timely—but still without merit—for alternative reasons discussed below.

## B.  Equitable Tolling

On appeal, Purkey argues that his breach of plea agreement claim was timely because the limitations period had been equitably tolled. To establish equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 127 S. Ct. 1079, 1085 (2007). Purkey argues he established equitable tolling because he could not file a habeas claim alleging breach of a plea agreement until after the limitations period had expired. We conclude jurists of reason would find this argument debatable.

We nonetheless deny Purkey a COA on this claim because jurists of reason would not find it debatable whether the alleged breach was a constitutional violation. "Although promises made by prosecuting attorneys must be fulfilled to maintain the integrity of the plea, only breaches of material promises will allow a court to conclude that a plea was involuntarily induced and thus constitutionally infirm." *Rodriguez v. State of New Mexico*, 12 F.3d 175, 175–76 (10th Cir. 1993) (internal quotation marks and citations omitted). "As in contract, the terms of a plea agreement and their relative materiality are evaluated by an objective standard." *Id.*

-11-

The only breach alleged by Purkey was the government's failure to return certain photographs and tools. Nothing in the record suggests the government deprived Purkey of any of the plea agreement's other benefits. Because this breach is not material, we conclude jurists of reason would not find it debatable whether it is a constitutional violation. *Cf. id.* at 176 ("In light of the significant benefits [the defendant] did receive as a result of his plea agreement, including the avoidance of a possible death sentence, the alleged breach of a promise of a conjugal visit did not deprive the agreement of its voluntary character."). For this reason, we deny Purkey a COA on this issue.

## C.     Ineffective Assistance of Counsel

On appeal, Purkey again argues his trial counsel provided ineffective assistance. As explained above, his ineffective assistance of counsel claims are time-barred. Therefore, we deny him a COA on this issue.

## D.     Denial of Evidentiary Hearing and Appointment of Counsel

Purkey argues the federal district court abused its discretion by denying his motions for an evidentiary hearing and appointment of counsel.

### 1.  Evidentiary hearing

A prisoner who seeks an evidentiary hearing on a § 2254 habeas claim in federal court must satisfy the requirements of § 2254(e)(2). *See* 28 U.S.C. § 2254(e)(2); *see also Miller v. Champion*, 161 F.3d 1249, 1253 (10th Cir. 1998). Section 2254(e)(2) calls for a two-pronged inquiry. First, the district court

determines whether the petitioner "has failed to develop the factual basis of a claim in State court." 28 U.S.C. § 2254(e)(2). If he failed to do so, the district court must deny a hearing unless the petitioner establishes that one of the exceptions to § 2254(e)(2)(A) applies. Those exceptions require an applicant to show that the claim either relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," or relies on "a factual predicate that could not have been previously discovered through the exercise of due diligence." *Id.* And second, the applicant must show that "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for the constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense." *Id.* § 2254(e)(2)(B).

Purkey argues the federal district court should have granted him an evidentiary hearing to further develop his argument that his wife poisoned him. As explained above, Ms. Long's statement that she poisoned her husband does not form the factual predicate for any timely, potentially meritorious habeas claim. Furthermore, Purkey does not allege any new rule of constitutional law justifying the evidentiary hearing.

Purkey also argues the court should have granted him an evidentiary hearing to determine whether his breach of plea agreement claim was equitably tolled. As explained above, even if the limitations period had been tolled, the

-13-

alleged breach did not establish a constitutional violation warranting habeas relief.

Therefore, the district court did not abuse its discretion in refusing to grant Purkey an evidentiary hearing on these two issues.

## 2. Appointment of counsel

Purkey also argues the federal district court abused its discretion in denying his motion for the appointment of counsel in his § 2254 proceeding.

"There is no constitutional right to counsel beyond the direct appeal of a criminal conviction." *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008). "[G]enerally appointment of counsel in a § 2254 proceeding is left to the court's discretion." *Swazo v. Wyoming Dep't of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994); *see also Coleman v. Thompson*, 501 U.S. 722, 756–57 (1991). "The district court['s] . . . denial of counsel will not be overturned unless it would result in fundamental unfairness impinging on due process rights." *Long v. Shillinger*, 927 F.2d 525, 527 (10th Cir. 1991) (quotations and alteration omitted). Nothing in the record suggests the court's denial of Purkey's motion for appointment of counsel resulted in fundamental unfairness. We therefore conclude the district court did not abuse its discretion.

### III. Conclusion

Accordingly, we DENY Purkey's motion for a COA and DISMISS his appeal. His request for appointment of counsel for briefing and oral argument is denied.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge