FILED
United States Court of Appeals
Tenth Circuit

May 5, 2020

Christopher M. Wolpert
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

MARLIN RESINGER, III,

     Petitioner - Appellant,

v.

JIM FARRIS, Warden[*],

     Respondent - Appellee.

No. 20-7009
(D.C. No. 6:19-CV-00161-JHP-KEW)
(E.D. Okla.)

ORDER DENYING CERTIFICATE
OF APPEALABILITY

Before **PHILLIPS**, **MURPHY,** and **McHUGH**, Circuit Judges.

This matter is before the court on Marlin Resinger III's request for a

certificate of appealability ("COA"). Resinger seeks a COA so he can appeal the

district court's dismissal, on timeliness grounds, of his 28 U.S.C. § 2254 habeas

petition. *See* 28 U.S.C. § 2253(c)(1)(A) (providing no appeal may be taken from

a final order denying habeas corpus relief unless the petitioner first obtains a

COA); *id.* § 2244(d) (setting out a one-year statute of limitations as to a habeas

corpus petitions). Because Resinger has not "made a substantial showing of the

---

[*] Pursuant to Fed. R. App. P. 43(c)(2) Mike Bolt is replaced by Jim Farris as Warden of the Mack Alford Correctional Center.

denial of a constitutional right," *id.* § 2253(c)(2), this court **denies** his request for a COA and **dismisses** this appeal.

On August 1, 2006, Resinger pleaded guilty to two of counts First Degree Murder and one count of First Degree Arson. The convictions became final ten days later on August 11, 2006, because Resinger did not seek to timely withdraw his plea or seek a direct appeal to the Oklahoma Court of Criminal Appeals. *See* Okla. Stat. tit. 22, Ch.18 App. Rule 4.2; Okla. Stat. tit. 22, § 1051. Pursuant to 28 U.S.C. § 2244(d)(1), the § 2244 limitations period for Resinger to file a § 2254 petition began to run on August 12, 2006, and expired on August 12, 2007. *See Harris v. Dinwiddie*, 642 F.3d 902, 907 n.6 (10th Cir. 2011).

Resinger filed the instant § 2254 habeas petition on May 21, 2019, almost twelve years after the limitations period expired. The district court dismissed Resinger's petition as untimely, concluding as follows: (1) Resinger's state court application for post-conviction relief, which was filed July 25, 2017, did not entitle him to § 2244(d)(2) statutory tolling because it was not filed until after the limitations period already expired, *see May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003)[2]; (2) Resinger's attempt to overcome the limitations period

_____

[2]In so doing, the district court rejected the assertion that the mere fact the state trial court considered Resinger's 2017 post-conviction motion on the merits created a new factual predicate for purposes of § 2244(d)(1)(D). This conclusion is undeniably correct. By its plain language, § 2244(d)(1)(D) is directed to when

(continued...)

through a showing of actual innocence failed because such a claim, which was based exclusively on his self-serving testimony during state post-conviction proceedings was not colorable, *see Parks v. Cline*, 786 F. App'x 759, 763 (10th Cir. 2019) (unpublished disposition cited solely for its persuasive value); and (3) Resinger was not entitled to equitable tolling because, inter alia, he failed to demonstrate that he diligently pursued his rights, *see Lawrence v. Florida*, 549 U.S. 327, 336 (2007).

Resinger seeks a COA so he can appeal the district court's dismissal of his § 2254 petition. The granting of a COA is a jurisdictional prerequisite to Resinger's appeal from the denial of his § 2254 petition. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To be entitled to a COA, Resinger must make "a substantial showing of the denial of a constitutional right." 28 U.S.C.

---

[2](...continued)
the factual predicate of a petitioner's claim or claims could have been discovered through the exercise of due diligence. "A factual predicate constitutes the vital facts underlying those claims." *Purkey v. Kansas*, 281 F. App'x 824, 827 (10th Cir. 2008) (unpublished disposition cited only for its persuasive value) (quotation omitted). "[T]he limitations period begins to run when the petitioner knows of the facts giving rise to the habeas claim," or could have known, irrespective of whether he "understand[s] the legal significance of those facts." *Klein v. Franklin*, 437 F. App'x 681, 684 (10th Cir. 2011) (unpublished disposition cited only for its persuasive value). To the extent Resinger's habeas petition, and his brief on appeal, could be read as arguing it is the facts developed during the state-court evidentiary hearing that constitute the new factual predicate for purposes of § 2244(d)(1)(D), that assertion fails because, as noted by the respondent warden in his filings below, the record makes clear these "facts" were known to Resinger at the time of his guilty pleas.

§ 2253(c)(2). That is, he must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id.* (quotations omitted). When a district court dismisses a § 2254 petition on procedural grounds, a petitioner is entitled to a COA only if he shows both that reasonable jurists would find it debatable whether he had stated a valid constitutional claim and debatable whether the district court's procedural ruling was correct. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). In evaluating whether Resinger has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Miller-El*, 537 U.S. at 338. Although Resinger need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.*

Having undertaken a review of Resinger's appellate filings, the district court's order, and the entire record before this court pursuant to the framework set out by the Supreme Court in *Miller-El*, we conclude Resinger is not entitled to a COA. The district court's resolution of Resinger's petition is not reasonably subject to debate. In particular, this court notes it has closely reviewed the entire transcript of the evidentiary hearing held in Resinger's state post-conviction

-4-

proceedings and, like the district court, concludes Resinger's testimony does not come close to satisfying the standard for establishing a viable assertion of actual innocence. Accordingly, this court **DENIES** Resinger's request for a COA and **DISMISSES** this appeal.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge