(893 P.2d 296)
No. 72,305

STATE OF KANSAS, *Appellee*, v. JOSE ASCENCION MARES, *Appellant.*

Opinion filed April 21, 1995.

*Edward G. Collister, Jr.*, special appellate defender, and *Jessica R. Kunen*, chief appellate defender, for the appellant.

*Alan Hughes*, assistant county attorney, and *Carla J. Stovall*, attorney general, for the appellee.

Before BRAZIL, P.J., PIERRON and GREEN, JJ.

PIERRON, J.: Mares entered a plea to one count of sale of controlled substances and one count of possession of controlled substances. Several other charges were dismissed. Mares asked the court to depart from the presumptive imprisonment sentence for sale of cocaine, a severity level 3 offense, because he provided principal support for his family, had no prior felony convictions, and the "victim" was the State. These reasons were expanded upon at sentencing. Mares had four children, an ill father, and was in alcohol treatment. The court noted its consideration of the reasons given by defendant to not incarcerate him but did not find these reasons to be substantial and compelling enough to overcome the presumption of imprisonment.

The court then sentenced Mares to 16 months' imprisonment for sale of cocaine. He was sentenced to 10 months' imprisonment for possession of cocaine to run consecutive to the sentence for sale of cocaine. The 10-month sentence was suspended.

Mares' presumptive sentence for sale of cocaine was 14 to 16 months and for possession was 10 to 12 months. He was sentenced within the presumptive sentence for the crimes, pursuant to K.S.A. 1993 Supp. 21-4721(c)(2). Although a departure sentence was requested, the court refused to grant a departure.

Mares argues the trial court should have been required to make specific findings to explain its rejection of the request for downward departure. We disagree. If a court *does* depart, K.S.A. 1993 Supp. 21-4718(c) requires it to make specific findings of fact or law. A similar requirement is *not* imposed for refusal to depart. The guidelines presume a sentence based on the offense committed and the defendant's criminal history. Appeal is available only if the presumed sentence is not entered or the sentence resulted from partiality, prejudice, oppression, or corrupt motive.

In *State v. Starks*, 20 Kan. App. 2d 179, 184, 885 P.2d 387 (1994), this court stated:

"[W]henever a defendant is sentenced to a presumptive sentence and there is no claim of error in regard to crime severity level or criminal history, there is a strong legislative presumption that the sentence is not the result of partiality, prejudice, oppression, or corrupt motive. Defendant has failed to come forward with any evidence which would overcome that statutory presumption."

Mares' reasons here also fail to overcome the statutory presumption.

Finally, Mares argues the trial court erroneously considered his involvement in drug traffic, as evidenced by the dismissal of other charges, in denying the departure request. It may be erroneous for a trial court to consider dismissed charges in aggravating a sentence, but here the trial court merely imposed the presumptive sentence for the offense that Mares admitted committing. It found Mares' mitigating reasons were not substantial and compelling enough to overcome the presumptive sentence set out by statute. The trial court did not err in its decision.

Affirmed.