No. 77,883

STATE OF KANSAS, *Appellee*, v. TERRY C. KOEHN, a/k/a TERRY C. SNEARY, *Appellant*.

(966 P.2d 63)

Opinion filed October 30, 1998.

*Lisa Nathanson*, assistant appellate defender, argued the cause, and *Jessica R. Kunen*, chief appellate defender, was with her on the brief for appellant.

*David Lowden*, assistant district attorney, argued the cause, and *Thomas J. Schultz*, assistant district attorney, *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

SIX, J.: This case interprets certain provisions of Kansas Sentencing Guidelines Act (KSGA), K.S.A. 21-4701 *et seq.* While on felony probation for three other criminal cases, defendant Terry C. Koehn committed new crimes. His probation was revoked, and he was sentenced on the new crimes.

Koehn appealed his sentence on several grounds, and the Court of Appeals in an unpublished opinion upheld the sentence, rejecting all of Koehn's arguments. We have jurisdiction by granting Koehn's petition for review. K.S.A. 20-3018(b); Rule 8.03 (1997 Kan Ct. R. Annot. 52).

We consider three questions: (1) Does K.S.A. 21-4608(a) rather than K.S.A. 21-4608(c) control when probation is revoked and a defendant is sentenced on a new conviction on the same day? (2)

Is the district court required to give its reasons for denying departure to a defendant under K.S.A. 21-4718(a)(2)? and, (3) Is revoking probation and sentencing a defendant on a new conviction the same day a "multiple conviction case" under K.S.A. 21-4720(b)?

The answer is "no" to each of the three questions. Finding no error, we affirm.

## FACTS

Koehn was on probation when he was charged with possession of marijuana, possession of cocaine, and criminal use of a financial card. On August 13, 1996, he pled guilty to possession of cocaine and criminal use of a financial card. Before sentencing, Koehn filed a motion for a durational or dispositional departure. When he appeared for sentencing on the cocaine possession conviction, his probation was revoked for the three prior convictions. The district court denied Koehn's motion for a departure. He was sentenced to 28 months' imprisonment to be served consecutive to the sentences already imposed on the three prior convictions.

## DISCUSSION

The interpretation of the KSGA is a question of law. Our review is unlimited. *State v. Donlay*, 253 Kan. 132, 133-34, 853 P.2d 680 (1993).

Under the fundamental rule of statutory construction, the intent of the legislature governs. When a statute is plain and unambiguous, we must give effect to the intention of the legislature, rather than determine what the law should or should not be. Any reasonable doubt about the meaning is decided in favor of the defendant. The strict construction rule, however, is subordinate to the rule that judicial interpretation must be reasonable and sensible to effect legislative design and intent. *State v. Cox*, 258 Kan. 557, Syl. ¶ 7, 908 P.2d 603 (1995).

### K.S.A. 21-4608

Koehn argues that subsection (a) rather than subsection (c) of K.S.A. 21-4608 controls when probation is revoked and a defendant is sentenced on a new conviction on the same date. K.S.A. 21-4608 says in part:

"(a) When separate sentences of imprisonment for different crimes are imposed on a defendant on the same date, including sentences for crimes for which suspended sentences, probation or assignment to a community correctional services program have been revoked, such sentences shall run concurrently or consecutively as the court directs. . . .

. . . .

"(c) Any person who is convicted and sentenced for a crime committed while on probation, assigned to a community correctional services program, on parole, on conditional release or on postrelease supervision for a felony shall serve the sentence consecutively to the term or terms under which the person was on probation, assigned to a community correctional services program or on parole or conditional release."

In support of his argument, Koehn cites *State v. Edwards*, 252 Kan. 860, 852 P.2d 98 (1993). Edwards was convicted of conspiracy to possess cocaine. Sentencing was suspended for 2 years. Edwards committed new crimes. When sentenced for the new crimes, his suspended sentence was revoked. He was *resentenced* to 1 to 5 years on the old cocaine conviction in addition to being sentenced for his new crimes. On reviewing K.S.A. 1992 Supp. 21-4608, we said: "Subsection (1) [now (a)] is a specific statute applied when all involved sentences occur, as here, *on the same date* and takes precedence over subsection (3) [now(c)] of said statute." 252 Kan. at 870. Because Edwards was resentenced on the old conviction and sentenced on the new crimes the same date, subsection (1) was the applicable provision. We vacated Edwards' sentences, holding that the district court imposed consecutive sentences on the basis that it incorrectly thought it was required to do so under subsection (3) of K.S.A. 21-4608. 252 Kan. at 870.

The State fails to address the applicability of *Edwards* to Koehn's claims. However, the State correctly argues that Koehn confuses probation revocation with sentence imposition.

*Edwards* is distinguished from Koehn's case. Edwards was *resentenced* whereas Koehn had his probation revoked and was ordered to serve the *original sentences already imposed.* During Koehn's sentencing, the district judge said,

"I'm going to sentence you to 28 months to the Secretary of Corrections, which is the plea bargain agreement. Your probation is revoked in the other three cases

by the conviction in this case. This case will run consecutive, but, you're going to have to go to the Department of Corrections and do your time on all four cases."

The sentencing judge did not impose a sentence or resentence Koehn to any time on the three old convictions. Koehn was told that his new convictions revoked his probationary status in the three prior cases. K.S.A. 21-4608(a) specifically states that "[w]hen separate sentences of imprisonment for different crimes *are imposed*," sentences may be consecutive or concurrent. No sentences were *imposed* for the three prior convictions, thus, subsection (a) does not apply to Koehn's sentencing. The district judge correctly imposed consecutive sentences under subsection (c) of K.S.A. 21-4608.

## Denying Departure

Koehn asks us to decide whether and to what extent a sentencing judge is required to issue formal findings of fact and conclusions of law when denying a motion for durational or dispositional departure. K.S.A. 21-4718(a) provides:

"(1)  Whenever a person is convicted of a felony, the court upon motion of either the defendant or the state, shall hold a hearing to consider imposition of a departure sentence. . . .

"(2)  At the conclusion of the hearing or within 20 days thereafter, the court shall issue findings of fact and conclusions of law regarding the issues submitted by the parties, and shall enter an appropriate order."

Koehn complains that the sentencing court summarily denied the departure motion without any explanation. He concedes that K.S.A. 21-4721(c)(1) prohibits an appellate court from reviewing a sentence that falls within the presumptive limits as Koehn's did. But, he argues, K.S.A. 21-4718 requires that the sentencing court issue findings of fact and conclusions of law that refer to the reasons for which the departure was sought. Koehn explains he is not appealing the denial of the motion for departure; rather, he is appealing the district court's failure to comply with the statutory procedural mandates associated with departure motions.

In support of his "procedural review" argument, Koehn cites *State v. McDaniel*, 255 Kan. 756, 877 P.2d 961 (1994). He points out that there may be a conflict between K.S.A. 21-4721(c)(1) (no

right to appeal a presumptive sentence) and K.S.A. 21-4718(a) (district court shall issue findings of fact and conclusions of law). However, he argues that any conflict must be resolved in favor of his right to appeal. He reasons that in *McDaniel*, conflict between two statutes concerning appeal from a denial of a motion to withdraw a guilty plea was resolved in favor of the right to appeal. Thus, according to Koehn, his case must be similarly resolved. The State counters that Koehn is advancing a "backdoor attempt" to gain appellate review of the imposition of a presumptive sentence.

We have no jurisdiction to review a presumptive sentence. *State v. Myers*, 20 Kan. App. 2d 401, 404, 888 P.2d 866 (1995). Resolving Koehn's K.S.A. 21-4718 contention does not constitute a jurisdictional problem. He is not asking for a review of the denial of his motion for departure. He is seeking a claimed procedural entitlement under K.S.A. 21-4718(a)(2). He wants findings of fact, conclusions of law, and an appropriate order on the denial of his departure.

Koehn's argument has our attention. *McDaniel* observed: "By permitting a defendant to seek withdrawal of his or her plea pursuant to K.S.A. 22-3210(d), the legislature implicitly permitted that defendant to appeal from such denial, despite the appearance of 22-3602(a) to the contrary." 255 Kan. at 760 (K.S.A. 22-3602[a] denies an appeal from either a plea of nolo contendere or guilty).

Here, the legislature has permitted defendants to seek departures under K.S.A. 21-4718(a). The legislature has also directed district judges to make findings of fact and conclusions of law. K.S.A. 21-4718(a)(2). Thus despite the mandate of K.S.A. 21-4721(c)(1) (no appeal from a presumptive sentence) to the contrary, the legislature would appear to have implicitly allowed a defendant to appeal from the procedurally inadequate denial of a motion for departure.

We need to resolve the conflict between the surface logic of Koehn's contention and the clear impact of K.S.A. 21-4721(c)(1).

K.S.A. 21-4721(c) says: "On appeal from a judgment or conviction entered for a felony committed on or after July 1, 1993, the appellate court shall not review: (1) Any sentence that is within the presumptive sentence for the crime." We read K.S.A. 21-

4718(a)(2) and K.S.A. 21-4718(c) together with K.S.A. 21-4721(c)(1). The result is our conclusion that the dominant concept is the legislature's intention to permit appeals only when the district court imposes a sentence other than a presumptive sentence.

The Court of Appeals concluded in its unpublished opinion of Koehn's appeal: "The district court specifically stated that there were no substantial or compelling reasons to support a departure. Beyond that, a sentencing court is not required to give its reasons for refusing to depart from a presumptive sentence." (citing *State v. Windom*, 23 Kan. App. 2d 429, Syl. ¶ 1, 932 P.2d 1019, *rev. denied* 262 Kan. 969 [1997]). The State agrees and also cites *State v. Mares*, 20 Kan. App. 2d 971, 972, 893 P.2d 296, *rev. denied* 257 Kan. 1094 (1995). *Mares* held that the district court is not required to make specific findings to explain its rejection of a request for downward departure. The *Mares* court stated: "If a court *does* depart, K.S.A. 1993 Supp. 21-4718(c) requires it to make specific findings of fact or law. A similar requirement is *not* imposed for refusal to depart." 20 Kan. App. 2d at 972.

We agree with *Mares*. Having endorsed *Mares*, how do we resolve the apparent conflict with a plain reading of K.S.A. 21-4718(a)(2)? K.S.A. 21-4718 is divided into three subsections: (a), (b), and (c). Subsection (a) speaks generally to motions for departure. As Koehn contends, it directs the district judge to issue findings of fact and conclusions of law regarding the issues submitted by the parties and enter an appropriate order. Subsection (b) addresses the district court's authority to depart from the sentencing guidelines on its own motion. Subsection (c) directs the district court to make findings of fact and conclusions of law when it departs from the guidelines regardless of whether a hearing is held. K.S.A. 21-4718(a) appears to require the district judge do more than deny a motion to depart. We resolve the apparent statutory inconsistency by emphasizing the legislature's prohibition of appeals from a presumptive sentence in K.S.A. 21-4721(c)(1).

Because no appeal is permitted from a presumptive sentence, we know of no reason for K.S.A. 21-4718(a)(2) findings of fact and conclusions of law when a presumptive sentence is imposed. During argument Koehn's experienced counsel acknowledged that 21-

4718(a)(2) findings would do nothing procedurally to benefit Koehn. K.S.A. 21-4718(c) protects the defendant and the State with appellate review by requiring reasons for a deviation from a presumptive sentence.

Koehn's argument here fails for an additional reason. The record shows that the district court did make findings of fact and conclusions of law for Koehn. After Koehn's counsel went through his litany of reasons why Koehn should receive probation instead of incarceration, Koehn himself was asked to address the court. Koehn did so, explaining why he wanted probation. The district judge responded, explaining why probation would not be granted. The judge concluded by saying, "I'm overruling the motion for departure. I don't find any *substantial* or *compelling reasons* to sustain the motion."

K.S.A. 21-4704(d) provides that deviations from presumptive sentences are subject to judicial discretion, but only for "substantial and compelling reasons." Here, the district court stated no substantial or compelling reasons existed to sustain the motion. The record shows that the district judge listened to the merits of the motion and considered the request, stating his reason for denying the motion.

K.S.A. 21-4718(c) requires findings of fact "as to the reasons for departure." Every appealable sentence will carry the sentencing judge's reasoning to the reviewing appellate court.

## A "Multiple Conviction Case" Under K.S.A. 21-4720

For his third claim of error, Koehn argues that because the district court imposed sentence and revoked probation in three other cases at the same time, his was a multiple conviction case as defined in K.S.A. 21-4720. Koehn reasons that the district court erred by applying his full criminal history when imposing sentence on the new crimes. In support of his argument, he relies on *State v. Christensen,* 23 Kan. App. 2d 910, 937 P.2d 1239 (1997). We have disapproved the *Christensen* reasoning on which Koehn relies. See *State v. Bolin,* 266 Kan. 18, 968 P.2d 1104 (1998).

The Court of Appeals found no merit in Koehn's argument. Koehn was sentenced on only one case. His probation was revoked

in three other cases. Koehn's sentencing and probation revocation is not a "multiple conviction case" under K.S.A. 21-4720, because he was neither sentenced nor even resentenced on the three prior cases. Rather, the term "multiple conviction case" refers to sentencing on multiple convictions from one charging document. *State v. Roderick*, 259 Kan. 107, Syl. ¶ 3, 911 P.2d 159 (1996) (holding a "multiple conviction case" in K.S.A. 21-4720[b][4] applies to sentencing on multiple convictions arising from multiple counts within a single charging document and not to sentencing on multiple convictions on the same date in different cases). Revoking probation and sentencing Koehn on a new conviction the same day is not a "multiple conviction case" under K.S.A. 21-4720(b).

We affirm the Court of Appeals: (1) K.S.A. 21-4608(c) rather than K.S.A. 21-4608(a) controls when probation is revoked and a defendant is sentenced on a new conviction the same day; (2) the district court is not required to give reasons for denying departure to a defendant under K.S.A. 21-4718(a)(2); and (3) the facts here do not involve a K.S.A. 21-4720(b) multiple conviction case.

Affirmed.