NOT DESIGNATED FOR PUBLICATION

No. 120,937

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JAMES M. MANN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; C. WILLIAM OSSMANN, judge. Opinion filed March 27, 2020. Appeal dismissed.

*Reid T. Nelson*, of Capital and Conflicts Appeals Office, of Topeka, for appellant.

*Natalie Chalmers*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., MALONE and GARDNER, JJ.

PER CURIAM: James M. Mann pleaded guilty to attempted aggravated robbery and possession of a narcotic drug. Prior to sentencing, Mann filed a motion for departure from a presumptive prison sentence to probation. After hearing arguments, the district court sentenced Mann to mitigated presumptive sentence under the Kansas Sentencing Guidelines Act (KSGA). Because Mann was given a mitigated presumptive sentence, we lack jurisdiction over this appeal. Even if we did have jurisdiction, we find that the district court did not abuse its discretion in concluding that probation was not appropriate under the circumstances presented and Mann did not seek any further ruling when given an opportunity to do so by the district court. Thus, we dismiss this appeal.

1

The facts of this case are not contested. On November 28, 2018, Mann pleaded guilty to attempted aggravated robbery and possession of methamphetamine. Based on Mann's criminal history score, he faced a presumptive sentence of imprisonment. Before sentencing, Mann filed a motion for departure asking the district court to sentence him to probation.

On February 13, 2019, after hearing arguments of counsel on the departure motion as well as listening to Mann's statement requesting probation, the district court found that probation was not appropriate. However, in so ruling, the district court did not expressly state that it was denying the departure motion. The district court then sentenced Mann to a mitigated presumptive sentence of 46 months in prison on the controlling charge of attempted aggravated robbery and a concurrent mitigated presumptive sentence of 10 months on the possession of methamphetamine charge. Thereafter, Mann timely appealed.

ANALYSIS

The sole issue presented by Mann on appeal is whether the district court properly considered his motion for departure. In response, the State argues that we lack jurisdiction to hear Mann's appeal because the district court granted a presumptive sentence. It is true that appellate courts lack jurisdiction to review challenges to presumptive sentences. *State v. Sprung*, 294 Kan. 300, 317, 277 P.3d 1100 (2012). Here, it is undisputed that the district court sentenced Mann to the mitigated presumptive sentence under the KSGA. Accordingly, we do not have jurisdiction to hear this appeal.

Even if we did have jurisdiction over the issue presented, we do not find that the district court abused its discretion. When a district court's action is a discretionary one,

we reverse for abuse of that discretion only if the judicial action is arbitrary, fanciful, or unreasonable. In other words, discretion is only abused when no reasonable person would agree with the decision or if the judicial action is based on an error of law or fact. *State v. Schaal*, 305 Kan. 445, 449, 383 P.3d 1284 (2016); see also *State v. Brown*, 51 Kan. App. 2d 876, 879-80, 357 P.3d 296 (2015). The party asserting an abuse of discretion—in this case Mann—bears the burden of establishing such abuse. *Schaal*, 305 Kan. at 449.

Certainly, a failure to exercise discretion can—in and of itself—be an abuse of discretion. See *State v. Anderson*, 40 Kan. App. 2d 403, 407, 192 P.3d 673 (2008). Even so, as the Kansas Supreme Court has held, a district court need not articulate its reasons for refusing to grant a departure request. *State v. Koehn*, 266 Kan. 10, 15-16, 966 P.2d 63 (1998). Further, it is evident from a review of the record on appeal that the district court did not refuse to exercise its discretion. Instead a review of the record reveals that the district court thoughtfully considered Mann's request for probation and stated the reasons why it felt that probation was not appropriate.

Here, the district court allowed both parties to present argument on the motion. The district court also allowed Mann to personally state his reasons for requesting that he be granted probation. After doing so, the district court found:

> "I've reviewed the presentence investigation and see that . . . February [of] 2017, September of 2017, and June of 2018 there were several instances where the defendant was convicted . . . in Municipal Court, various offenses including theft, assault, trespass and charges having to do with drugs and alcohol.
>
> "So for those reasons and for the reason that the Kansas legislature has decided Kansas Sentencing Guidelines should be the way that these cases are disposed of *barring unusual circumstances*, I am going to impose a sentence of 46 months which is the *mitigated* number with regard to Court One." (Emphasis added.)

3

After announcing its decision, the district court expressly asked whether there were "any other findings, orders or warnings required of the Court this afternoon?" Yet neither Mann nor his attorney asked the district court for a more explicit ruling on the departure motion. Similarly, they did not request clarification of the district court's ruling. Thus, the district court did not abuse its discretion in concluding that probation was not appropriate under the circumstances presented.

Appeal dismissed.