NOT DESIGNATED FOR PUBLICATION

No. 121,142

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MIGUEL ANGEL GONZALEZ,
*Appellant*.

MEMORANDUM OPINION

Appeal from Ford District Court; LAURA H. LEWIS, judge. Opinion filed July 2, 2020. Affirmed.

*Kasper Schirer*, of Kansas Appellate Defender Office, for appellant.

*Jodi Litfin*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., GREEN, J., and TIMOTHY J. CHAMBERS, District Judge, assigned.

PER CURIAM: A jury convicted Miguel Angel Gonzalez of aggravated criminal sodomy of a child under 14 years of age for sexually molesting his then girlfriend's daughter. At sentencing, the district court granted Gonzalez' motion for durational departure. The State appealed and a panel of this court vacated the departure sentence and remanded the case for resentencing. On remand, the district court denied Gonzalez' departure motion and imposed a Jessica's Law sentence. In this appeal, Gonzalez contends that the district court erred in finding that he failed to establish that the harm he caused to the minor victim was less than typical. For the reasons set forth in this opinion, we conclude that the district court properly found no substantial compelling reasons for departure. Thus, we affirm.

1

On February 18, 2016, a jury convicted Gonzalez of aggravated criminal sodomy of a child for molesting his then girlfriend's daughter who was in third grade at the time. *State v. Gonzalez*, No. 115,941, 2017 WL 6888676, *2 (Kan. App. 2017) (unpublished opinion), *rev. denied* 308 Kan. 1597 (2018). At the time, Gonzalez lived with his girlfriend and her children. The sodomy occurred when he was helping the girl with her homework.

Although the child did not report the incident until nearly two years after it occurred, Gonzalez—after initially denying any wrongdoing—admitted that he had touched her inappropriately in her bedroom. Specifically, he admitted to touching the third-grader on the buttocks, placing his hand inside her underwear, and penetrating her anus with his finger. According to Gonzalez, he stopped when he realized what he was doing was wrong.

The State charged Gonzalez with aggravated criminal sodomy of a child and, in the alternative, aggravated indecent liberties with a child. Ultimately, a jury found him guilty of aggravated criminal sodomy of a child and did not reach the indecent liberties charge. Prior to sentencing, Gonzalez filed a motion for a downward durational departure under K.S.A. 2016 Supp. 21-6627(d)(1). In his motion, he argued—among other things—that "the degree of harm is considerably less for this conviction [because it involved] a one-time incident and a touching of a 'private part' with a finger rather than another body part."

The district court held a sentencing hearing on April 22, 2016. At the hearing, Gonzalez' attorney argued that the aggravated criminal sodomy of a child in this case was a "one time incident rather than over a period of time" and pointed out that his client had stopped upon realizing what he was doing was wrong. However, Gonzalez presented no

evidence at the sentencing hearing about the degree of harm generally caused to children who have suffered aggravated criminal sodomy and he presented no evidence regarding the degree of harm suffered by this particular victim.

The district court granted Gonzalez' motion without identifying any mitigating circumstances that would constitute a substantial and compelling reason for departure. Instead, the district court expressed displeasure with Jessica's Law because it made no distinction between differing levels of severity. In particular, the district court opined that "there is no distinction for the punishment between a touching and a forceful rape. And, I think there should be . . . ." The district court then sentenced Gonzalez to 203 months in prison as well as lifetime post-release supervision and lifetime registration as a sex offender.

On appeal, a panel of this court affirmed Gonzalez' conviction but vacated the departure sentence. *Gonzalez*, 2017 WL 6888676, at *4-8, 12. In so doing, the panel held that the district court failed to follow the procedure set out by the Kansas Supreme Court in *State v. Jolly*, 301 Kan. 313, 324, 342 P.3d 935 (2015). In reaching this conclusion, the panel found that "[a]t sentencing, Gonzalez did not present any evidence about the harm generally caused to children who have been sodomized or of the harm caused to this particular child." *Gonzalez*, 2017 WL 6888676, at *2. Moreover, the panel found that "[i]t appears that the district court based its decision on its personal opinion that Jessica's Law should contain different levels of severity for the crime of conviction rather than on the mitigating factors that specifically pertained to Gonzalez." *Gonzalez*, 2017 WL 6888676, at *7.

On remand, a different district court judge held a resentencing hearing on March 20, 2019. At the hearing, Gonzalez renewed his departure motion and submitted letters of support from family members. He and an uncle also made statements to the district court asking for leniency. However, no testimony was offered under oath.

Although Gonzalez' attorney continued to argue that the degree of harm was significantly less than typical for the offense of aggravated criminal sodomy of a child, no evidence was presented regarding the harm generally caused to children who have been sodomized or regarding the harm caused to this particular child. In addition to the arguments asserted at the original sentencing hearing, defense counsel argued that a durational departure was appropriate because "[w]e don't believe" that the minor victim received counseling or therapy. Also, the attorney pointed out that neither the minor victim nor members of her family attended the resentencing hearing and they had not submitted written statements regarding the impact of the crime.

In response, the State highlighted the fact that Gonzalez had not come forward with evidence to support his claim that the harm in this case was less than typical, arguing that "our Supreme Court held it was improper to depart from a presumptive sentence on this basis when the record was silent about what harm constitutes the typical harm or loss for this particular offense, and there was no showing how the facts in the case made the harm less significant than in the normal case." The district court agreed with the State and denied Gonzalez' renewed motion for departure. Consequently, the district court imposed the mandated sentence under Jessica's Law and Gonzalez timely filed a notice of appeal.

ANALYSIS

*Degree of Harm Mitigating Factor*

A jury convicted Gonzalez of aggravated criminal sodomy of a child under 14 years of age in violation of K.S.A. 2011 Supp. 21-5504(b)(1). The Kansas Legislature defines aggravated criminal sodomy with a child under K.S.A. 2011 Supp. 21-5504(b)(1) to be a sexually violent crime. K.S.A. 2011 Supp. 22-3717(d)(2)(E). This act of sexual violence includes "anal penetration, however slight, of a . . . female by any body part

4

. . . ." K.S.A. 2011 Supp. 21-5501(b). This describes the type of unlawful act that Gonzalez committed on the young daughter of his then girlfriend while purportedly helping the third-grader with her homework.

It is undisputed that K.S.A. 2011 Supp. 21-6627—commonly known as Jessica's Law—is applicable in this case. "The legislative intent [in enacting] Jessica's Law was to remove perpetrators of sexual crimes against children from society." *State v. Seward*, 296 Kan. 979, 986-87, 297 P.3d 272 (2013) (citing *State v. Spencer*, 291 Kan. 796, 823-24, 248 P.3d 256 [2011]). Under Jessica's Law, the presumptive sentence for the crime of aggravated criminal sodomy of a child is life imprisonment with a mandatory minimum sentence of 25 years. K.S.A. 2011 Supp. 21-6627(a)(1)(D). This mandatory presumptive sentence must be imposed "unless the judge finds substantial and compelling reasons, following a review of mitigating circumstances, to impose a departure." K.S.A. 2011 Supp. 21-6627(d)(1). The statute also sets forth a nonexclusive list of mitigating circumstances that a district court may be consider. See K.S.A. 2011 Supp. 21-6627(d)(2).

In addition to the mitigating circumstances set forth in Jessica's Law, K.S.A. 2011 Supp. 21-6815(c)(2) provides a list of additional nonexclusive mitigating factors that a district court may consider in determining whether substantial and compelling reasons exist to grant a departure motion. One of the mitigating factors listed in K.S.A. 2011 Supp. 21-6815(c)(1)(E) is that "[t]he degree of harm or loss attributed to the current crime of conviction was significantly less than typical for such an offense." This is the factor that Gonzalez argues in his brief to justify a downward disposition departure in this case.

We review a district court's determination on whether to grant a durational departure in a Jessica's Law case for an abuse of discretion. *State v. Jolly*, 301 Kan. 313, 324-25, 342 P.3d 935 (2015) (A district court abuses its discretion only when: (1) no

reasonable person would take the view adopted by the court; (2) the court's ruling is based on an error of law; or (3) the court's findings are not based on substantial competent evidence). In determining whether a district court abused its discretion, we do not reweigh the evidence, assess the credibility of the witnesses, or resolve evidentiary conflicts. *State v. Reed*, 300 Kan. 494, 499, 332 P.3d 172 (2014). Moreover, the party alleging an abuse of discretion—in this case Gonzalez—bears the burden of proving it. *State v. Powell*, 308 Kan. 895, 910, 425 P.3d 309 (2018).

In *Jolly*, the Kansas Supreme Court explained the proper steps a district court must follow when considering a departure motion in a Jessica's Law case:

"[T]he proper statutory method when considering a departure from a Jessica's Law sentence is for the district court first to review the mitigating circumstances without any attempt to weigh them against any aggravating circumstances. Then, in considering the facts of the case, the court determines whether the mitigating circumstances rise to the level of substantial and compelling reasons to depart from the otherwise mandatory sentence. Finally, if substantial and compelling reasons are found for a departure to a sentence within the appropriate sentencing guidelines, the district court must state on the record those substantial and compelling reasons." 301 Kan. at 324.

The *Jolly* analysis was subsequently reiterated by our Supreme Court in *State v. McCormick*, 305 Kan. 43, 50-51, 378 P.3d 543 (2016). This is also the analysis that the panel that remanded this case for resentencing directed the district court to use. *State v. Gonzalez*, 2017 WL 6888676, *8 ("Accordingly, we must vacate Gonzalez' sentence and remand for resentencing consistent with *Jolly*.").

The Kansas Supreme Court has held it to be improper for a district court to depart from a presumptive sentence where the record is silent about the typical harm that results from the type of offense and where there is no showing that the harm is less significant than in a normal case. *State v. Minor*, 268 Kan. 292, 312, 997 P.2d 648 (2000); see also

*State v. Haney*, 34 Kan. App. 2d 232, 243, 116 P.3d 747 (2005) (It is "improper to depart from a presumptive sentence . . . when the record was silent about what harm constitutes the typical harm or loss for this particular type of offense and there was no showing how the facts in the case made the harm less significant that in the normal case."). Similarly, in this case, Gonzalez failed to present *evidence* of the typical harm that results from the offense of aggravated criminal sodomy of a child. In addition, Gonzalez failed to present evidence to show that the harm to the victim in this case was less than the harm to a victim in a typical case of aggravated criminal sodomy of a child.

Instead, at both the original sentencing hearing and at the resentencing hearing, Gonzalez's attorney simply presented argument regarding the degree of harm. Specifically, at the resentencing hearing, Gonzalez' attorney argued:

> "If you look at what [Gonzalez] was convicted of, it was a one-time brief touching with a finger. The complaining witness wasn't at the time in therapy, did not have any evaluations or reports from counselors or therapists at the time of the original sentencing provided to us, or currently provided, that we had asked for. We don't believe that [therapy] happened. Also, your honor, . . . when you think of considerably less harm than is conventional for this, that the complaining witness nor her family wrote a report- or wrote a statement out for the confidential report, and the complaining witness nor her family were present at . . . this resentencing here today. And then . . . this was reported about two years after this alleged incident occurred and . . . obviously there was no counseling going on or therapy because the child had not reported this going on and did not seem to have any sort of problems with it.
>
>  . . . .
>
> "We believe that it's substantial that the harm was less and that's a mitigating factor for you to consider as well. The Court should take into consideration the report about the allegation being two years late, that the child's not in counseling or any sort of therapy, . . . that there was a one-time incident, and without going as graphically into it  . . . it is severely less in terms of degree as what some of the factors are."

Of course, statements and arguments of counsel are not evidence. *State v. Smith*, 57 Kan. App. 2d 312, 319, 452 P.3d 382 (2019), (citing *State v. Brown*, 181 Kan. 375, 394, 312 P.2d 832 (1957). Here, the arguments made by defense counsel rely on speculation and conjecture. There are many reasons why a victim—especially a child— might not immediately report a sexual assault. Moreover, even if we assume that the child in this case did not receive counseling, there are many reasons why a victim of sexual assault might not participate in therapy. Similarly, there are many reasons why a victim or a victim's family might not participate in the sentencing process of the person who committed the crime.

The statements and arguments of defense counsel also "begged the question." Begging the question happens when the conclusion is assumed in the premise of an argument. To reach the conclusion that the harm to the victim of this aggravated criminal sodomy of a child in this case is less than typical, counsel makes a number of assumptions without providing any evidence to support his theory. As such, without evidence of the typical harm to a child who is the victim of an aggravated criminal sodomy and evidence of the actual harm caused by Gonzalez' actions in this case, Gonzalez' argument must fail.

Notably, the district court made the following conclusion regarding the degree of harm mitigating factor:

> "As [the State] pointed out and as was also pointed out in the mandate and the opinion from the Court of Appeals, the degree of harm in this case; there has not been any evidence presented at any point on the record and it has not been presented here today to show how the harm that is alleged in this case, how that would relate to harm in other types of similar offenses. Therefore, I do not have any evidence before me to be able to base that . . . would be substantial and compelling, that . . . would be a mitigating factor that should influence my sentencing in this case."

"It is the sentencing judge alone who determines the appropriate sentence to be imposed or other disposition of the case by exercising his or her best judgment, common sense, and judicial discretion after considering all of the reports, the defendant's background, the facts of the case, and the public safety." *State v. Vanderveen*, 259 Kan. 836, 842, 915 P.2d 57 (1996). In the end, while Gonzalez presented vigorous arguments in support of his request for a durational departure, he failed to present evidence to support his arguments. As a result, he failed to fulfill his burden to show that the degree of harm mitigating factor justified a departure.

*Denial of Departure Motion*

Gonzalez also contends, more broadly, that the district court abused its discretion by denying his departure motion. Naturally, this contention is closely related to his first contention. Based on our review of the record on appeal, we do not find that the district court abused its discretion in imposing the presumptive sentence for aggravated criminal sodomy of a child.

When a district court's action is a discretionary one, we only reverse for abuse of that discretion if the judicial action is arbitrary, fanciful, or unreasonable. In other words, discretion is abused if no reasonable person would agree with the decision made by the district court or if the judicial action is based on an error of law or fact. *State v. Schaal*, 305 Kan. 445, 449, 383 P.3d 1284 (2016); see *State v. Brown*, 51 Kan. App. 2d 876, 879-80, 357 P.3d 296 (2015). The party asserting an abuse of discretion—in this case Gonzalez—bears the burden of establishing such abuse. *Schaal*, 305 Kan. at 449.

Gonzalez argues that the district court erred by concluding that he did not establish substantial and compelling reasons to grant his motion for a downward durational departure. As such, Gonzalez is basically asking us to reweigh the evidence presented to the district court. Yet our review is limited to determining whether the district court

9

abused its discretion and we are not to reweigh evidence or determine the credibility of witnesses on appeal. *State v. Woodring*, 309 Kan. 379, 380, 435 P.3d 54 (2019).

As our Supreme Court has held, a district court is not required to articulate its reasons for refusing to grant a departure request. *State v. Koehn*, 266 Kan. 10, 15-16, 966 P.2d 63 (1998). Nevertheless, it is evident from a review of the record on appeal the district court thoughtfully considered Gonzalez' request for a downward durational departure and stated the reasons why it considered the granting of Gonzalez' motion to be inappropriate. At the resentencing hearing, the district court gave Gonzalez the opportunity to present evidence, allowed him to personally address the reasons that he was requesting departure, and allowed his attorney to make argument.

Specifically, after considering the presentation in support of Gonzalez' motion, the district court found:

> "Mr. Gonzalez, as I had stated previously, I have taken time to review the letters that have been submitted in this case. I have reviewed your Motion for Downward Durational Departure. I've also listened today to your own statements and to the statements of your uncle. And while, I have sympathy for your family and I understand your request to be allowed to return to them and to be a part of their lives; as [the State] has argued and as your own attorney has pointed out, those emotions, those requests, are not uncommon in these kinds of cases."

> "So what I have to look at today, what the Court has to consider, are the factors that have been presented as potential mitigating factors. It is not my job here today to re-weigh the evidence that was presented to the jury, the jury considered it and came back with a conviction in this case. So, what I'm left with are the factors that are set forth in your motion and I have reviewed those."

> "I have taken time to look at those in relation to the facts of this case and I do not find that any of those individual factors-I do not find that any of them are substantial or

10

compelling in and of themselves. Looking at them together cumulatively, I also do not find they are substantial or compelling."

"As [the State] pointed out and as was also pointed out in the mandate and the opinion from the Court of Appeals, the degree of harm in this case; there has not been any evidence presented at any point on the record and it has not been presented here today to show how the harm that is alleged in this case, how that would relate to harm in other types of similar offenses. Therefore, I do not have any evidence before me to be able to base that that [sic] would be substantial and compelling, that that [sic] would be a mitigating factor that should influence my sentencing in this case."

"Additionally, your request that—or your statement that you have a family and child to support, and also that you have family members who are supportive of you and your reformative interests; again, while the Court sympathizes with those positions and your family members, those do not rise to the level of being substantial and compelling factors. Therefore, I am denying the Motion for Downward Durational Departure . . . .

In sum, we find the district court's decision to be reasonable under the circumstances presented. Moreover, we find that the district court appropriately applied Kansas law in considering Gonzalez' motion for a downward durational departure. Accordingly, we conclude that the district court did not abuse its discretion in denying Gonzalez' motion or in imposing the presumptive sentence for the crime he committed.

Affirmed.